UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

                Plaintiff,                **ANSWER WITH**
      - against -                    **CROSS-CLAIM AND**
                                          **COUNTERCLAIM**

MARIE LISOWSKI AS TRUSTEE FOR THE
BENEFIT OF MATTHEW J. LISOWSKI AND      (ECF)
JOETTA LISOWSKI,                              07 Civ. 6619 (KMK) (LMS )
                Defendants.
---------------------------------------------------------x

       Defendant, MARIE LISOWSKI AS TRUSTEE FOR THE BENEFIT OF MATTHEW J. LISOWSKI, as and for an Answer to the Interpleader Complaint, together with a Cross-Claim and Counterclaim, alleges the following upon information and belief:

       1.      Admits the allegations contained in Paragraphs "1," "2," "3," "4," "5," "6," "7," "8," "11," "12" and "13" of the Complaint.

       2.      Admits the allegations contained in Paragraph "9" of the Complaint, but only to the extent of the facts and circumstances that existed as of July 10, 2006.

       3.      With respect to the allegations contained in Paragraph "10" of the Complaint, admits that decedent passed away on March 5, 2007, but denies knowledge or information sufficient to form a belief as to the remaining allegations.

       4.      Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs "14,""15" and "16" of the Complaint.

## AS AND FOR A COUNTERCLAIM AND CROSS-CLAIM

       5.      Marie Lisowski repeats and realleges all prior admissions as if fully set forth in their entirety in this Paragraph.

       6.      Pursuant to the Declaration Of Beneficiaries By Owner made a part of the life insurance Policy issued by Northwestern Mutual, such Policy was purchased by the decedent, Joseph Lisowski, to comply with the terms of the Stipulation of Settlement and Agreement between him and Marie Lisowski, and dated December 29, 1995 ("Stipulation of Settlement").

-2-

7. Upon the decedent's death on March 5, 2007, Matthew Lisowski was not emancipated pursuant to the terms of the Stipulation of Settlement.

8. Decedent's obligation under the Stipulation of Settlement to maintain life insurance for Marie Lisowski as Trustee for the benefit of Matthew Lisowski had not terminated as of the date of decedent's death.

9. Upon decedent's death, Marie Lisowski as Trustee for the benefit of Matthew Lisowski became entitled to payment of $150,000 under the terms of the Northwestern Mutual Policy.

10. Marie Lisowski as Trustee of the benefit of Matthew Lisowski is entitled to payment in full of the $150,000 remaining proceeds of the Northwestern Mutual Policy that Northwestern Mutual seeks to deliver to the Court pursuant to the Interpleader Complaint.

**WHEREFORE**, Marie Lisowski requests that the Court enter judgment:

A. awarding her the sum of $150,000 of remaining proceeds from the Northwestern Mutual Policy, as Trustee for the benefit of Matthew Lisowski;

B. dismissing in their entirety any other claims made to the $150,000 remaining proceeds of the Northwestern Mutual Policy; and

C. together with such other and further relief that the Court deems proper.

GELLERT & KLEIN, P.C.
Attorneys for Marie Lisowski
as Trustee for the Benefit of Matthew Lisowski

By:   s/
      DAVID R. WISE (DW - 3016)

Dated: Poughkeepsie, New York
       September 7, 2007

-3-

TO:     RIVKIN RADLER LLP
         **Attorneys for Plaintiff**
         926 Reckson Plaza
         Uniondale, New York  11556-0926
         Attn: Norman L. Tolle, Esq.

         LIEBERMAN & LEBOVIT
         **Attorneys for Defendant Joetta Lisowski**
         Suite 210 Brookside Park
         345 Kear Street
         Yorktown Heights, New York  10598
         Attn: Mitchell Lieberman, Esq.