-UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

                  Plaintiff,             **ANSWER TO**

      - against -              **CROSS-CLAIMS**

MARIE LISOWSKI AS TRUSTEE FOR THE
BENEFIT OF MATTHEW J. LISOWSKI AND     (ECF)
JOETTA LISOWSKI,
              Defendants.     07 Civ. 6619 (KMK) (LMS )
---------------------------------------------------------x

      Defendant, Marie Lisowski as Trustee for the Benefit of Matthew J. Lisowski, by her

attorneys, Gellert & Klein, P.C., as and for her Answer to the Cross-Claims of Defendant Joetta

Lisowski, states the following:

      1.      Admits the allegations contained in Paragraphs "29," "30," "32," "33," "34,"

"35," "36," "37," "41" and "43" of the Answer, Counterclaims and Cross-Claims ("Answer").

      2.      Denies the allegations contained in Paragraphs "38," "39," "40," "44,"  "45,"

"52," "53," "61," "62," "63," "64" and "69"of the Answer.

      3.      Denies knowledge or information sufficient to form a belief as to the allegations

contained in Paragraphs "46," "47" "48," "50," "51," "54," "55," "56," "57," "58" and "59"of

the Answer.

      4.      With respect to the allegations contained in Paragraph "31" of the Answer, denies

that Matthew J. Lisowski is emancipated.

      5.      With respect to the allegations contained in Paragraph "42" of the Answer, denies

that Northwestern Mutual was obligated to tender to Defendant Joetta Lisowski the entirety of

the policy proceeds of five hundred seventy-five thousand dollars ($575,000.00).

      6.      With respect to the allegations contained in Paragraph "67" of the Answer, denies

that the proceeds from the IBM policy satisfied Decedent's obligation to Matthew J. Lisowski

under the terms of the Judgment and Stipulation.

      7.      With respect to the allegations contained in Paragraph "68" of the Answer, denies

that Matthew J. Lisowski can no longer make claim to the subject Northwestern Mutual policy.

-2-

8.     Repeats and realleges all prior responses as if fully set forth herein with respect to Paragraphs "49," "60," "65" and "66" of the Answer.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9.     The Cross-Claims failed to state a cause of action and should be dismissed in their entirety.

**WHEREFORE**, Defendant Marie Lisowski as Trustee for the benefit of Matthew J. Lisowski requests that the Court enter judgment awarding the following:

A.     all relief requested in her Amended Answer with Cross-Claim and Counterclaim;

B.     dismissing the Cross-Claims of Defendant Joetta Lisowski in their entirety; and

C.     together with such other and further relief that the Court deems proper.

By:  ___s/_____
          DAVID R. WISE (DW - 3016)
          GELLERT & KLEIN, P.C.
          Attorneys for Marie Lisowski
          as Trustee for the Benefit of Matthew Lisowski
          75 Washington Street
          Poughkeepsie, New York  12601

Dated: Poughkeepsie, New York
          October 1, 2007

TO:     RIVKIN RADLER LLP
          **Attorneys for Plaintiff**
          926 Reckson Plaza
          Uniondale, New York  11556-0926
          Attn: Norman L. Tolle, Esq.

          LIEBERMAN & LEBOVIT
          **Attorneys for Defendant Joetta Lisowski**
          Suite 210 Brookside Park
          345 Kear Street
          Yorktown Heights, New York  10598
          Attn: Mitchell P. Lieberman, Esq.

F:\USER\clients\L\Lisowski\Legal\Answer to Cross-Claims.wpd