UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
OFFICE OF THE CLERK
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

TO: Judge _____KMK_____ Chambers   7: _07cv 06619_
                                         Case number

                                    _Answer, Counterclaims and Cross Claims_
                                    Type of Document

FROM: Clerk's Office

The attached document has been accepted for filing under revised Rule 5(e) effective December 1, 1991. Regrettably, as you know, the clerk is no longer authorized to reject papers based on form only. In order for the papers to be rejected, action must be taken by the judge. This document is deficient as to form for the following reason(s):

- ( ) For an original signature of the attorney of record in his/her own name, followed by his/her own address and telephone number, at the end of each document. **(Local Civil Rule 11.1(b).**

- ( ) All papers must bear the docket number and the initials of the judge and any magistrate judge before whom the action or proceeding is pending and have the name of each person signing it clearly printed or typed directly below the signature. **(Local Civil Rule 11.1(a).**

- ( ) All original papers must contain the initials of the attorney's first and last name, and the last four digits of the attorney's social security number, or any other four digit number registered by the attorney with the clerk of the court. **(Local Civil Rule 11.1(b)(1)&(2).**

- ( ) All pleadings, written motions, and other papers must be plainly written, typed, printed or copied without erasures or inter-lineation which may materially deface it. **(Local Civil Rule 11.1(a)(1).**

- ( ) For an attorney's affirmation or affidavit, as required. **(Local Civil Rule 6.1(a)(1).**

- ( ) For acknowledgment of verification.

- (✓) Other _not electronically filed, contacted attorney he does not have internet access in his law office._

Accept for filing:

                                    J. Michael McMahon,
                                    Clerk of the Court

_____
U.S.D.J. / U.S.M.J.

Return for compliance of local rule:   By: _Gaëlle Coicou_
                                            Deputy Clerk

_[signature]_
U.S.D.J. / U.S.M.J.
9/11/07

Rev. 4/03                              I:/FORMS/JUDGEAPR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

                Plaintiff,              ANSWER,
                                        COUNTERCLAIMS
                                        AND CROSS-CLAIMS
     -against-                  Civil Action No.
                                        07 CV 6619 (KMK)

MARIE LISOWSKI AS TRUSTEE FOR
THE BENEFIT OF MATTHEW J.
LISOWSKI and JOETTA LISOWSKI,

                Defendants.
-----------------------------------------------------------------X

        The Defendant, JOETTA LISOWSKI, by her attorneys, Lieberman & LeBovit, as and for her Answer, Counterclaims and Cross-claims to the Interpleader Complaint, respectfully shows and alleges as follows:

## ANSWER

        1. Denies each and every allegation of paragraphs "11", "12", "15" and "16" of the Interpleader Complaint as Defendant does not possess sufficient knowledge or information so as to form a belief as to the veracity of the same.

        2. Denies so much of paragraph "4" of the Interpleader Complaint as alleges that Defendant Marie Lisowski was a trustee for Matthew J. Lisowski at the time of Joseph Lisowski's death, the time the claims arose at the time of filing the Complaint and at all times material hereto.

3. Admits so much of paragraph "9" of the Interpleader Complaint as alleges that Matthew J. Lisowski was deemed emancipated by virtue of the entry of an Order of the New York State Family Court, Dutchess County on the 17th day of July, 2006, but denies so much of the paragraph as limits the actual basis for the Family Court's finding.

4. Admits paragraph "14" of the Interpleader Complaint but denies so much of the same as implies or is intended to exclude the existence of other demands made by or on behalf of Defendant Joetta Lisowski.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE DEFENDANT, JOETTA LISOWSKI, RESPECTFULLY SHOWS AND ALLEGES AS FOLLOWS:

5. At the time of Joseph Lisowski's death he did not have an obligation to pay child support for the benefit of Matthew J. Lisowski.

6. At the time of Joseph Lisowski's death he did not have an obligation to maintain life insurance for the benefit of Matthew J. Lisowski.

7. At the time of Joseph Lisowski's death Marie Lisowski was not the trustee for Matthew J. Lisowski under the terms of the Judgment of Divorce and incorporated Stipulation of Settlement which are attached hereto and made a part hereof as Exhibit "1".

8. At the time of Joseph Lisowski's death on March 5, 2007 the only extant order of a Court of competent jurisdiction addressing the issue of Matthew J. Lisowski's emancipation was the July 17, 2006 Order of the New York State Family Court in and for the County of Dutchess. A copy of said order is attached hereto and made a part hereof as Exhibit "2".