9. As a result, Marie Lisowski is not a properly named party to this action.

10. Accordingly, insofar as the Complaint alleges Defendant Marie Lisowski as trustee for Defendant Matthew J. Lisowski has an interest in the subject policy the same should be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### DEFENDANT, JOETTA LISOWSKI, RESPECTFULLY
### SHOWS AND ALLEGES AS FOLLOWS:

11. Paragraphs 5 through 9 of the First Affirmative Defense are repeated and realleged herein as if set forth in full as part of this Second Affirmative Defense.

12. Matthew J. Lisowski was emancipated as a matter of law as of the date of Joseph Lisowski's death.

13. As a result, Matthew J. Lisowski has no right, claim or interest in said life insurance policy. The Complaint should be dismissed for failing to state a cause of action for interpleader and the balance of the proceeds of the policy paid to Defendant Joetta Lisowski.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### DEFENDANT, JOETTA LISOWSKI, RESPECTFULLY
### SHOWS AND ALLEGES AS FOLLOWS:

14. Paragraph 5 through 9 of the First Affirmative Defense and paragraphs 12 and 13 of the Second Affirmative Defense are repeated and realleged herein as if set forth in full as part of this Third Affirmative Defense.

15. As a result, there was no insurable interest on Joseph Lisowski's life at the time of Joseph Lisowski's death inuring to the benefit of Defendant Matthew J. Lisowski.

16. As a result, the Complaint should be dismissed and the balance of the policy proceeds paid to Defendant Joetta Lisowski.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE DEFENDANT, JOETTA LISOWSKI, RESPECTFULLY SHOWS AND ALLEGES AS FOLLOWS:

17. Paragraphs 5 through 9 of the First Affirmative Defense, paragraphs 12 and 13 of the Second Affirmative Defense and paragraphs 15 and 16 of the Third Affirmative Defense are repeated and realleged herein as if set forth in full as part of this Fourth Affirmative Defense.

18. Upon information and belief, Defendants Marie Lisowski as trustee for the benefit of Matthew J. Lisowski and Matthew J. Lisowski received life insurance proceeds in excess of $150,000.00 from a policy of insurance on Joseph Lisowski at the time of Joseph Lisowski's death. Said insurance was paid through Joseph Lisowski's former employer, IBM. (Said policy is hereinafter referred to as the "IBM Policy").

19. To the extent Matthew J. Lisowski was entitled to receive the benefit of a One Hundred Fifty Thousand ($150,000.00) Dollar life insurance policy on decedent's death, the same was satisfied by payment of the IBM policy. As a result, Defendant Marie Lisowski and Matthew J. Lisowski are not entitled to the proceeds of the Northwestern Mutual Life Insurance Company policy referenced in the Interpleader Complaint. The Complaint should be dismissed and the balance of the policy value should be paid to Joetta Lisowski.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE DEFENDANT, JOETTA LISOWSKI, RESPECTFULLY SHOWS AND ALLEGES AS FOLLOWS:

20. Paragraphs 5 through 9 of the First Affirmative Defense, paragraphs 12 and 13 of the Second Affirmative Defense, paragraphs 15 and 16 of the Third Affirmative Defense and paragraphs 18 and 19 of the Fourth Affirmative Defense are repeated and realleged herein as if set forth in full as part of this Fifth Affirmative Defense.

21. In or about February 2007, Defendant Joetta Lisowski and decedent Joseph Lisowski met with Mike Senier an authorized agent of Plaintiff. The decedent delivered to Plaintiff's agent a true and accurate copy of the New York State Family Court Decision and Order of July 17, 2006 which declared Matthew J. Lisowski to be emancipated. Decedent and Defendant Joetta Lisowski inquired as to whether any changes needed to be made to the endorsement on the subject life insurance policy so as to make sure that the entirety of said policy proceeds be paid to Defendant Joetta Lisowski and that no portion of the policy proceeds be paid to Matthew J. Lisowski upon decedent's death. Plaintiff's agent indicated that to the extent Plaintiff was required to make changes to the policy to fulfill decedent's request to terminate Matthew J. Lisowski as an insured it would undertake said action.

22. Due to Plaintiff's failure to tend to decedent's request and directions and Plaintiff's letter to Matthew J. Lisowski's inviting a claim to be made to said policy proceeds, and Co-defendant Marie Lisowski a trustee for Matthew J. Lisowski has now asserted a claim to the policy proceeds albeit without basis in fact or law to sustain said claim.