23. As Plaintiff failed to take appropriate action pursuant to the decedent's instructions and made a unilateral, erroneous decision to invite Matthew J. Lisowski's frivolous claim, Plaintiff should not now be entitled to invoke the equitable powers and jurisdiction of this Court.

24. Plaintiff should not be permitted to deposit the proceeds in Court and thereby be absolved from liability in connection with its obligation to provide all of the policy proceeds to Defendant Joetta Lisowski.

25. As a result, the Complaint should be dismissed. and the balance of the policy proceeds paid to Defendant Joetta Lisowski.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE DEFENDANT, JOETTA LISOWSKI, RESPECTFULLY SHOWS AND ALLEGES AS FOLLOWS:

26. The Verified Complaint fails to set forth facts sufficient to warrant the relief requested.

27. The Verified Complaint fails to state a cause of action.

28. As a result, the Verified Complaint should be dismissed.

### AS AND FOR A FIRST COUNTERCLAIM DEFENDANT RESPECTFULY SHOWS AND ALLEGES AS FOLLOWS:

29. At all times material hereto and hereinafter mentioned, Defendant Joetta Lisowski was and continues to be a resident of the County of Dutchess, State of New York.

30. Upon information and belief, at all times material hereto and hereinafter mentioned, Defendant Marie Lisowski as trustee for the benefit of Matthew J. Lisowski was and continues to be a resident of the State of New York.

31. Upon information and belief at all times material hereto and hereinafter mentioned, Matthew J. Lisowski was and continues to be an adult and the emancipated child of decedent Joseph Lisowski and Defendant Marie Lisowski.

32. Upon information and belief at all times material hereto, Plaintiff, the Northwestern Mutual Life Insurance company (hereinafter referred to as "Northwestern Mutual") was a corporation duly organized and existing under the laws of a state other than New York and was permitted to do business in the State of New York.

33. Joseph Lisowski previously married Defendant Marie Lisowski on November 10, 1985 and was divorced from Defendant Marie Lisowski by virtue of the entry of a Judgment of Divorce dated December 29, 1995 which incorporated by reference a Stipulation in Settlement dated December 29, 1995 of said divorce action, copies of which are attached hereto and made a part hereof collectively as Exhibit "1" (hereinafter referred to as the "Judgment" and "Stipulation", respectively). Joseph Lisowski dies on March 5, 2007 (hereinafter referred to as "decedent").

34. The Stipulation provided in relevant part as follows:

"The Husband shall name the Wife as trustee and the child as irrevocable beneficiary of One Hundred Fifty Thousand ($150,000,00) Dollars of said life insurance until the termination of Husband's obligation to pay maintenance to the Wife. Upon the termination of Husband's obligation to pay maintenance to the Wife, Husband shall name the Wife as trustee and the child as irrevocable beneficiary of One Hundred Fifty Thousand ($150,000.) Dollars of said life insurance) until the emancipation of the child." See Exhibit "1", Stipulation at p. 26.

"The parties agree that commencing upon the termination of Husband's obligation to pay maintenance to the Wife, Husband shall pay to the Wife as and for child support the sum of Fourteen Hundred ($1,400.00) Dollars per month on the first of each month thereafter until the emancipation of the child. The payments shall be made to the Wife by check and mailed to the Wife at her residence or the address designated in writing. The child support payments shall terminate upon the first of the following events to occur:

    19.1.1 The child's attaining the age of 21 years or 22 if the child is enrolled as a full-time, fully matriculated student in college;

    19.1.2 The child's marriage;

    19.1.3 The child's death;

    19.1.4 The child's full-time gainful employment, excluding vacational and seasonal employment and non full-time attendance at school;

    19.1.5 The child's permanent residence away from the custodial home;

    19.1.6 The child's entry into the Armed Forces of the United States or into the Peace Corps. or other similar service, provided, however, that upon discharge from the Armed Forces, Peace Corps. or other similar service, the child shall not be regarded as emancipated until the occurrence of another emancipation event, as defined in 19.1.1-19.1.5 above;

    19.1.7 Death of the Husband; or

    19.1.8 Death of the Wife. See Exhibit "1" Stipulation, at pp. 23-24.

35. Decedent maintained two (2) policies of life insurance naming, Matthew J. Lisowski as beneficiary, to wit: (i) a policy of life insurance with Plaintiff and (ii) a policy of life insurance through decedent's former employer, IBM.