36. The Northwestern Mutual policy provided the following specific endorsement:

"The following beneficiaries are named:

a. Direct Beneficiaries: Marie Lisowski, former wife of the insured, born 11/14/56 and Marie Lisowski as trustee, as provided in the divorce decree dated 12/28/95 for Matthew J. Lisowski, son of the insured, born 8/1/87, as the respective interests may appear in the divorce decree.
b. Direct Beneficiary: Joetta Lisowski, wife of the insured, born 9/20/63 as to any remaining proceeds or the entire remaining proceeds if Marie Lisowski no longer has an interest in said divorce decree.

c. The company will be fully discharged of liability for any action taken by Marie Lisowski and for any amounts paid to, or at the direction of this beneficiary and will have no obligation as to the use of the amount.

The owner acknowledges that he is using the above policy to comply with the terms of the divorce decree dated 12/22/95. The Owner further acknowledges that the exercise of rights conferred upon him by the terms of the policy and of this forum and that the interests of the parties designated in this form will be subject to the terms of the divorce decree. The company assumes no responsible for the validity or affect of the terms of the divorce decree". (Emphasis added).

37. On July 17, 2006 decedent secured an order from the Family Court of the State of New York in and for the County of Dutchess, a copy of which is attached hereto and made a part hereof as Exhibit "2" declaring Matthew J. Lisowski to be emancipated.

38. Upon entry of said July 17, 2006 Family Court Order, decedent's obligation to maintain a life insurance policy for the benefit of Matthew J. Lisowski pursuant to the Judgment and Stipulation terminated.

39 Upon entry of said July 17, 2006 Family Court Order, decedent's obligation to maintain and pay child support on behalf of Matthew J. Lisowski terminated.

40. Upon entry of said July 17, 2006 Family Court Order, any insurable interest on decedent's life for the benefit of Matthew J. Lisowski arising from said Judgment and Stipulation terminated.

41. Subsequent to the entry of said July 17, 2006 Family Court Order and up until the time of death of decedent on March 5, 2007, no other action or proceeding was commenced by or on behalf of Matthew J. Lisowski against and/or pertaining to any alleged unemancipation of Matthew J. Lisowski.

42. Pursuant to the terms of the Northwestern Mutual policy endorsement Plaintiff Northwestern Mutual was obligated to tender to Defendant Joetta Lisowski the entirety of the policy proceeds of Five Hundred Seventy Five Thousand ($575,000.00) Dollars. Instead, Plaintiff tendered only Four Hundred Twenty Five Thousand Eighty Six ($425,086.83) Dollars and eighty three cents to Joetta Lisowski.

43. Upon the death of decedent and receipt of notification of said death, Plaintiff invited co-defendant Marie Lisowski as trustee for Matthew J. Lisowski to make a claim to said Northwestern Mutual policy proceeds.

44. At the time of decedent's death, Marie Lisowski as trustee for Matthew J. Lisowski and Matthew J. Lisowski did not have any legally recognizable or cognizable claim to the Northwestern Mutual life insurance policy proceeds.

45. Defendant Joetta Lisowski is the sole beneficiary of decedent Joseph Lisowski's Northwestern Mutual Life Insurance Policy.

46. Plaintiff has failed and refused to tender the balance of said proceeds of the Northwestern Mutual policy to Defendant Joetta Lisowski notwithstanding due demand and notice for the same.

47. Plaintiff's failure and refusal to tender said policy proceeds to Defendant Joetta Lisowski constitutes a breach of contract of the policy of life insurance for which Defendant Joetta Lisowski is the express, intended beneficiary.

48. As a result, Defendant Joetta Lisowski is entitled to judgment against Plaintiff directing the payment of the balance of said policy proceeds in the principal amount of One Hundred Fifty Thousand ($150,000.00) Dollars with all accrued interest, reasonable costs, fees and expenses incurred in this litigation.

**AS AND FOR A SECOND COUNTERCLAIM DEFENDANT RESPECTFULY SHOWS AND ALLEGES AS FOLLOWS:**

49. Paragraphs 29 through 48 of the First Counterclaim are restated as if set forth in full and made a part of this Second Counterclaim.

50. Alternatively and to the extent that Defendant Marie Lisowski as trustee for Matthew J. Lisowski maintains a legally recognized and cognizable claim to a portion of said Northwestern Mutual policy proceeds, then said entitlement is a direct result of the Plaintiff's breach of contract for failing to follow decedent's instructions regarding the endorsement of the Northwestern Mutual policy.

51. In or about February 2007, Defendant Joetta Lisowski and decedent Joseph Lisowski met with Mike Senier an authorized agent of Plaintiff. The decedent delivered to Plaintiff's