agent a true and accurate copy of the New York State Family Court Decision and Order of July 17, 2006 which declared Matthew J. Lisowski to be emancipated. Decedent and Defendant Joetta Lisowski inquired as to whether any changes needed to be made to the endorsement on the subject life insurance policy so as to make sure that the entirety of said policy proceeds be paid to Defendant Joetta Lisowski and that no portion of the policy proceeds be paid to Matthew J. Lisowski upon decedent's death. Plaintiff's agent indicated that to the extent Plaintiff was required to make changes to the policy to fulfill decedent's request to terminate Matthew J. Lisowski as an insured it would undertake said action.

52. Defendant Joetta Lisowski was the disclosed and intended third party beneficiary of decedent Joseph Lisowski's instructions to and agreement with the Plaintiff and its agent to modify the policy endorsement.

53. As a result of Plaintiff's failure to follow decedent Joseph Lisowski's instructions regarding the policy endorsement, Matthew J. Lisowski has asserted a claim to said policy proceeds which should not have existed but for Plaintiff's failure.

54. Plaintiff was under a legal obligation and duty to follow the instructions of its insured, the decedent, Joseph Lisowski, concerning the designation of the beneficiary after the entry of the Family Court order declaring Mathew J. Lisowski emancipated.

55. Decedent gave instructions to Plaintiff's agent at a February 2007 meeting were to take such action concerning the endorsement on the subject life insurance policy so as to eliminate Matthew J. Lisowski as a beneficiary of the policy and cause Joetta Lisowski to be the sole beneficiary of the entirety of said policy proceeds.

56. Plaintiff's agent was specifically advised to undertake such actions as were necessary so as to preclude, eliminate and otherwise terminate any claim that could be made by Marie Lisowski as trustee for Matthew J. Lisowski and/or Matthew J. Lisowski to any portion of said policy proceeds.

57. Upon information and belief, Plaintiff failed to take such action as was reasonably necessary to preclude, eliminate and otherwise terminate any claim that could be made by Marie Lisowski as trustee for Matthew J. Lisowski and/or Matthew J. Lisowski to any portion of said policy proceeds.

58. As a direct result of Plaintiff's negligence, Defendant Joetta Lisowski the known, disclosed and acknowledged beneficiary of the decedent's directions and policy, was damaged.

59. As a result judgment should enter directing Plaintiff to pay to Defendant Joetta Lisowski the sum of One Hundred Fifty Thousand ($150,000.00) Dollars together with accrued interest from the date of decedent's death and costs, reasonable counsel fees and expenses incurred in maintaining this action.

### AS AND FOR A FIRST CROSS CLAIM AGAINST CO-DEFENDANT MARIE LISOWSKI AS TRUSTEE FOR MATTHEW J. LISOWSKI DEFENDANT JOETTA LISOWSKI RESPECTFULY SHOWS AND ALLEGES AS FOLLOWS:

60. Paragraphs 29 through 48 of the First Counterclaim, paragraphs 50 through 59 of the Second Counterclaim are restated as if set forth in full and made a part of this First Cross Claim.

61. Defendant Marie Lisowski as trustee for Matthew J. Lisowski by and through her agents and attorneys has made invalid, illegal and false claims to the proceeds of the policy of life insurance provided by Plaintiff on decedent's life.

62. Upon information and belief, Co-Defendant Marie Lisowski knew and continues to know that there is no viable, valid or legally recognized or cognizable claim by or on behalf of Matthew J. Lisowski for any portion of the Northwestern Mutual life insurance policy proceeds.

63. Co-defendant Marie Lisowski's claims for any portion of said Northwestern Mutual policy constitutes a tortious interference with Defendant Joetta Lisowski's right to receive the entirety of said policy proceeds as the designated beneficiary thereon.

64. As a result, Co-defendant Joetta Lisowski is entitled to a judgment on this cross claim against Co-defendant Marie Lisowski as trustee for Matthew J. Lisowski in the amount of One Hundred Fifty Thousand ($150,00.00) Dollars together with accrued interest from the date of decedent's death and costs, reasonable counsel fees and expenses incurred in maintaining this action.

**AS AND FOR A SECOND CROSS CLAIM AGAINST CO-DEFENDANT MARIE LISOWSKI AS TRUSTEE FOR MATTHEW J. LISOWSKI DEFENDANT JOETTA LISOWSKI RESPECTFULY SHOWS AND ALLEGES AS FOLLOWS:**

65. Paragraphs 29 through 48 of the First Counterclaim, paragraphs 50 through 59 of the Second Counterclaim are restated as if set forth in full and made a part of this Second Cross Claim.