66. Paragraphs 61 through 64 of the First Cross Claim are restated as if set forth in full and made a part of this Second Cross Claim.

67. Upon information and belief, Defendant Marie Lisowski as trustee for Mathew J. Lisowski has received the benefit of the life insurance proceeds from an IBM policy maintained by decedent for the benefit of Matthew J. Lisowski. Said policy proceeds actually paid to defendant exceeds the One Hundred Fifty Thousand ($150,000.00) Dollar amount that was required to be maintained by decedent in the Judgment and Stipulation incorporated therein.

68. As a result and as an alternative prayer for relief, to the extent that Matthew J. Lisowski is deemed unemancipated as of the date of decedent's death, he nonetheless received the benefit of more than One Hundred Fifty Thousand ($150,000.00) Dollars in life insurance proceeds and can no longer make claim to the subject Northwestern Mutual policy.

69. As a result, judgment should enter from this Court declaring that Matthew J. Lisowski is not entitled to any portion of the proceeds of the Northwestern Mutual policy and co-defendant Marie Lisowski should be directed to pay damages to co-defendant Joetta Lisowski in the amount of One Hundred Fifty ($150,000.00) Dollars together with accrued interest from the date of decedent's death and costs, reasonable counsel fees and expenses incurred in maintaining this action.

WHEREFORE, Defendant respectfully requests that judgment enter directing the following relief:

    (i)    dismissing the Interpleader Complaint;

    (ii)    directing that the balance of the proceeds of the Northwestern Mutual Life Insurance policy be paid to Defendant Joetta Lisowski;

(iii) directing the Plaintiff pay Defendant's reasonable counsel fees, costs and expenses incurred in defending this action and maintaining the counterclaims against Plaintiff;

(iv) declaring the Co-defendant Marie Lisowski as trustee for the benefit of Matthew J. Lisowski and Matthew J. Lisowski are not entitled to any portion of the proceeds from the Northwestern Mutual Life Insurance policy;

(v) as to the cross claims entering judgment against Co-defendant Marie Lisowski in the amount of One Hundred Fifty Thousand ($150,000.00) Dollars representing compensatory damages together with reasonable costs, fees and expenses incurred in maintaining the instant action; and

(vi) for such other and further relief as the Court deems just and proper.

Dated: Yorktown Heights, New York
September 7, 2007

Mitchell P. Lieberman, Esq.
Lieberman & LeBovit
Attorneys for Defendant-Joetta Lisowski
345 Kear St., Suite 210
Yorktown Heights, NY 10598
(914) 962-0400

To: Rivkin Radler, LLP
Norman L. Tolle, Esq.
Attorney for Plaintiff
926 Reckson Plaza
Uniondale, NY 11556

David Wise, Esq.
Gilbert and Klein, PC
75 Washington Street
Poughkeepsie, NY 12601

DE\litig\lisowski\ans 9-7-07                        16

Exhibit 1

At a TAP Part of the Supreme Court of the State of New York, held in and for the County of Westchester at the Courthouse thereof located at White Plains, New York on the 27th day of December, 1995.

**FILED**
DEC 29 1995
LEONARD N. SPANO
COUNTY CLERK
COUNTY OF WESTCHESTER

PRESENT:

HON. MATTHEW F. COPPOLA, J.S.C.
- - - - - - - - - - - - - - - - - - -X
JOSEPH J. LISOWSKI,

     Plaintiff,

 - against -

MARIE LISOWSKI,

     Defendant.
- - - - - - - - - - - - - - - - - - -X

**JUDGMENT OF DIVORCE**

Index No. 10247/94

Assigned Justice:
Hon.

  The Plaintiff having brought this Action for a Judgment of Absolute Divorce by reason of the cruel and inhuman treatment of Plaintiff by Defendant and a Summons with Notice bearing the notation, "Action for a Divorce" and Verified Complaint having been duly served upon Defendant within the State of New York, and Defendant having appeared by her attorney, KENNETH J. RODEN, ESQ., and the firm of BRENNAN FABRIANI & NOVENSTERN having been substituted as attorneys for the Defendant, and Defendant having served an Amended Verified Answer and Counterclaim upon the Plaintiff, and Plaintiff having acknowledged service of the Amended Verified Answer and Counterclaim, and Plaintiff having waived his right to answer the Counterclaim, and having consented to the entry of a Default Judgment against him without further notice, and the parties having entered into a Stipulation of