notice, and the parties having entered into a Stipulation of Settlement and Agreement, dated December 29, 1995, settling and resolving all of the issues between them which are related to this action, and the aforesaid Stipulation of Settlement and Agreement having been duly filed with the Clerk of this Court, and the matter having been set down for the 29th day of December, 1995, before the undersigned, and the Defendant on that day having submitted written proof of service and in support of the essential allegations of the Verified Complaint, and such proof having been read by me, I decide and find as stated in the separate Findings of Fact and Conclusions of Law on even date herewith.

NOW, on motion of BRENNAN FABRIANI & NOVENSTERN, attorneys for Defendant herein, it is

ADJUDGED, that the marriage between MARIE LISOWSKI, Defendant, and JOSEPH J. LISOWSKI, Plaintiff, is dissolved by reason of the constructive abandonment of Defendant by Plaintiff; and it is further

ORDERED and ADJUDGED, that:

(a) The Defendant's share of the basic child support obligation in this case is Seven Hundred Sixty-Two ($762.00) Dollars per month;

(b) The parties have voluntarily agreed to support for the child, MATTHEW JOSEPH LISOWSKI, payable by Plaintiff to Defendant in the amount of Four Hundred ($400.00) Dollars per month, such

Stipulation of Settlement and Agreement reciting, in compliance with D.R.L. §240(1-b):

    (i) The parties have been advised of the provisions of D.R.L. §240(1-b);

    (ii) The unrepresented party, if any, has received a copy of the child support standards chart promulgated by the Commissioner of Social Services pursuant to S.S.L. §111-i;

    (iii) The basic child support obligation as defined in D.R.L. §240(1-b) presumptively results in the correct amount of child support to be awarded;

    (iv) The Plaintiff's share of the basic child support obligation in this case is Seven Hundred Sixty-Two ($762.00) Dollars per month;

    (c) The amount of child support agreed to herein deviates from the basic child support obligation under DRL §240(1-b), and said Stipulation of Settlement and Agreement is approved with regard to child support for the following reasons;

    (i) Plaintiff has agreed to pay maintenance to the Defendant in a significant amount; and

    (ii) Plaintiff has agreed to transfer his interest in the marital residence to the Defendant;

    (iii) Commencing upon the termination of maintenance payable by the Plaintiff to the Defendant, Plaintiff's child support obligation to the Defendant will increase to Fourteen Hundred ($1,400.00) Dollars per month pursuant to the Stipulation of Settlement and Agreement between the parties; and it is further

ORDERED and ADJUDGED, that the Stipulation of Settlement and Agreement entered into between the parties on the 29th day of December, 1995, a copy of which is attached to and incorporated in this Judgment by reference, shall survive and shall not be merged in this Judgment, and the parties hereby are directed to comply with every legally enforceable term and provision of such Stipulation of Settlement and Agreement including any provision to submit an appropriate issue to arbitration before a single arbitrator, as if such term or provision were set forth in its entirety herein, and the Court retains jurisdiction of the matter concurrently with the Family Court for the purpose of specifically enforcing such of the provisions of that Stipulation of Settlement and Agreement as are capable of specific enforcement, to the extent permitted by law, and of making such further judgment with respect to maintenance, child support, custody or visitation as it finds appropriate under the circumstances existing at the time application for that purpose is made to it, or both; and it is further

ORDERED and ADJUDGED, that Defendant is authorized to resume the use of her maiden name or other former surname, to wit: **CIOFFI**.

E N T E R,

Hon. Matthew F. Coppola,
J.S.C.

Approved as to form and
substance and Notice of
Settlement waived:

Arthur Kass, Esq.
Attorney for Plaintiff

STATE OF NEW YORK, COUNTY OF WESTCHESTER SS:
I, LEONARD N. SPANO, COUNTY CLERK AND CLERK OF THE SUPREME AND COUNTY COURTS, WESTCHESTER COUNTY DO HEREBY CERTIFY THAT I HAVE COMPARED THIS COPY WITH THE ORIGINAL THEREOF FILED IN MY OFFICE ON 12-29-95 AND THAT THE SAME IS A CORRECT TRANSCRIPT THEREFROM AND OF THE WHOLE OF SUCH ORIGINAL.
IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL.

10-5-05

COUNTY CLERK AND CLERK OF THE SUPREME AND COUNTY COURTS, WESTCHESTER COUNTY
FEE PAID

- 4 -

Index No. 10247/94   Year 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

JOSEPH J. LISOWSKI,

            Plaintiff,

- against -

MARIE LISOWSKI,

            Defendant.

**FILED**
DEC 29 1995
LEONARD N. SPANO
COUNTY CLERK
COUNTY OF WESTCHESTER

---

JUDGMENT OF DIVORCE

---

BRENNAN FABRIANI & NOVENSTERN
*Attorneys for* Defendant

100 SOUTH BEDFORD ROAD
MOUNT KISCO, N.Y. 10549
(914) 241-2400

To:

Attorney(s) for

TYPE OF DOCUMENT ___NOT. JMT.___
FILING CHARGE  $_____
____ PAGES @ ____ PER PAGE $_____

Service of a copy of the within _____ is hereby admitted.

Dated: _____

DEPUTY _____
CHECKED BY _____ TOTAL $_____
*Attorney(s) for*

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                                                 19

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court,
at
on                                19         , at                    M.

Dated:

BRENNAN FABRIANI & NOVENSTERN
*Attorneys for*

100 SOUTH BEDFORD ROAD
MOUNT KISCO, N.Y. 10549
(914) 241-2400

To:

Attorney(s) for