DRAFT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
- - - - - - - - - - - - - - - - -X
JOSEPH J. LISOWSKI,                                    STIPULATION OF
                                                       SETTLEMENT AND
                    Plaintiff,                         AGREEMENT
                                                       Index No. 10247/94
        - against -
                                                       Assigned Justice:
MARIE LISOWSKI,                                        Hon.
                                                            J.S.C.
                    Defendant.
- - - - - - - - - - - - - - - - - -X

FILED
DEC 29 1995
LEONARD N. SPANO
COUNTY CLERK
COUNTY OF WESTCHESTER

        AGREEMENT, made this 29th day of December, 1995, between

JOSEPH J. LISOWSKI, residing at 16F7 Scuppo Road, Danbury,

Connecticut (hereinafter sometimes referred to as the "Husband"

and as the "Father"), and MARIE LISOWSKI, residing at 9 Slate

Hill Drive, Poughkeepsie, New York (hereinafter referred to as

the "Wife" and the "Mother").

                        W I T N E S S E T H :

        WHEREAS, the parties were duly married to each other in

Poughkeepsie, New York on November 10, 1985; and

        WHEREAS, there is one (1) infant issue of the parties, to

wit:  MATTHEW JOSEPH LISOWSKI, born August 1, 1987; and there are

no expected additional children of the marriage; and

        WHEREAS, a proceeding is presently pending in the Supreme

Court of the State of New York, County of Westchester, entitled

Joseph J. Lisowski v. Marie Lisowski, and it is the intention of

the parties to settle and resolve any and all issues in any way

relating to said action; and

        WHEREAS, the parties desire that this Agreement, which is

entered into after due and considered deliberation, shall be and

constitute a Separation and Post-Nuptial Agreement between them
with respect to any rights arising as the result of or out of the
marriage of the parties, and with respect to any funds, assets,
interest, both fixed and contingent, or properties, both real and
personal, wherever situated, now owned by the parties or either
of them, or standing in their respective names or which may
hereafter be acquired or received by any means whatsoever by
either of the parties, and with respect to the custody and
visitation and support of MATTHEW JOSEPH LISOWSKI, and further
desire that it shall be incorporated, but not merged, in any
Judgment of Divorce which may be entered in any action between
them; and

   WHEREAS, the parties are entering into this Stipulation
of Settlement and Agreement of their own free will and without
force, coercion or duress of whatever nature; and

   WHEREAS, each party fully understands the terms,
covenants and conditions of this Agreement, and after due
deliberation, accepts and agrees to such terms, covenants and
conditions; and

   WHEREAS, the parties having had explained to them the
provisions of law affecting financial and property rights of
spouses, including those rights under any law; and

   WHEREAS, the parties hereto warrant and represent to each
other that they, and each of them, fully understand all the
terms, covenants, conditions, provisions and obligations to be
performed or contemplated by each of them hereunder, and each

Fair msl JJP

believes the same to be fair, just and reasonable and to be in his or her respective best interests; and

NOW, THEREFORE, in consideration of the promises and agreements hereinafter set forth, it is hereby stipulated, covenanted and agreed by and between the parties, as follows:

## 1. NO MOLESTATION

1.1 Neither party shall in any way molest, malign, disturb or trouble the other or interfere with the peace and comfort of the other or compel the other to associate, cohabit or dwell with him or her.

## 2. SEPARATE RESIDENCE

2.1 It is, and shall be, lawful for the parties hereto at all times to live separate and apart from each other and to reside from time to time at such place as each of such parties may see fit and to contract, carry on and engage in any employment, business or trade, which either may deem fit, free from control, restraint, or interference, direct or indirect, by the other in all respects as if such parties were sole and unmarried.

## 3. SEPARATE OWNERSHIP

3.1 Except as may be otherwise expressly set forth in this Agreement, each party shall own, free of any claim or right of the other, all of the items of property, real, personal and

- 3 -

from the basic child support obligation pursuant to DRL

§240(1-b) for the following reasons:

18.6.1  Husband has agreed to pay maintenance to the

Wife in a significant amount; and

18.6.2  Husband has agreed to transfer his interest

in the marital residence to the Wife.


### 19.  CHILD SUPPORT

19.1    The Husband is to pay to the Wife as and for

child support the sum of Four Hundred ($400.00) Dollars per

month, commencing on ~~December 1, 1995~~ January 1, 1996 and continuing on the first with ½ payment

and second half due on 15th of each month

of each month thereafter until Husband's obligation to pay

maintenance to the Wife terminates.  The parties agree that

commencing upon the termination of Husband's obligation to pay

maintenance to the Wife, Husband shall pay to the Wife as and for

child support the sum of Fourteen Hundred ($1,400.00) Dollars per

month on the first of each month thereafter until the

emancipation of the child.  The payments shall be made to the

Wife by check and mailed to the Wife at her residence or the

address designated in writing.  The child support payments shall

terminate upon the first of the following events to occur:

19.1.1  The child's attaining the age of 21 years or

22 years if the child is enrolled as a full-time, fully

matriculated student in college;

- 23 -