19.1.2 The child's marriage;

    19.1.3 The child's death;

    19.1.4 The child's full-time gainful employment, excluding vacational and seasonal employment and non full-time attendance at school;

    19.1.5 The child's permanent residence away from the custodial home;

    19.1.6 The child's entry into the Armed Forces of the United States or into the Peace Corps. or other similar service, provided, however, that upon discharge from the Armed Forces, Peace Corps. or other similar service, the child shall not be regarded as emancipated until the occurrence of another emancipation event, as defined in 19.1.1 - 19.1.5 above;

    19.1.7 Death of the Husband; or

    19.1.8 Death of the Wife.

  19.2 The parties further agree that the Father shall pay his pro rata share of the cost of any child care expense actually incurred by the Wife for the Wife to be employed. *Use of the wife's parents for childcare shall be at no cost to the Father. Prior to changes in childcare arrangements, husband + wife shall agree on new arrangements.* [initialed]

## 20. COLLEGE EDUCATION

  20.1 The parties shall pay for college education expenses for the child in proportion to each parties average earned income for the three (3) years preceding the child's first year of college. If either party is unemployed because of

- 24 -

remarriage or availability of income from a source other than employment then these factors shall be considered in arriving at the proportional share.

20.2   The parties agree that the cost of the child's college education for all purposes of this provision shall be defined to include books, tuition, room and board, laboratory fees, and the cost of transportation of the child to and from school not less than four times per year, unless the Husband and Wife shall mutually agree to include additional expenses.

20.3   The parties agree that the total college education or other post-high school education expenses to be paid by a party for the child for any year shall not exceed his or her proportionate share of the average tuition and room and board for a school in the State University of New York system for the year in which the child attends college.

21.  **WAIVER OF CHILD SUPPORT PAYMENTS THROUGH SUPPORT COLLECTION UNIT**

21.1   The parties have been advised that unless they agree otherwise, to the extent the Father has W-2 wages, New York State Law (Social Services Law 111-g) requires that all child support payments be made to a centralized unit of the New York State Department of Social Services without other child enforcement resources and that payment of an administrative fee

- 25 -

may be required. The Wife hereby specifically waives her right to have her child support payments made to the New York State Department of Social Services providing the Husband timely makes all child support payments due under this Article.

### 22. LIFE INSURANCE

22.1 The Husband shall maintain life insurance policies on his life in the amount of Two Hundred Fifty Thousand ($250,000.00) Dollars. The Husband shall name the Wife as beneficiary of One Hundred Thousand ($100,000.00) Dollars of said life insurance coverage until the termination of Husband's obligation to pay maintenance to the Wife. The Husband shall name the Wife as trustee and the child as irrevocable beneficiary of One Hundred Fifty Thousand ($150,000.00) Dollars of said life insurance until the termination of Husband's obligation to pay maintenance to the Wife. Upon the termination of Husband's obligation to pay maintenance to the Wife, Husband shall name the Wife as trustee and the child as irrevocable beneficiary of Two Hundred Fifty Thousand ($~~250,000.00~~) ($150,000.00) Dollars of said life insurance until the emancipation of the child.

22.2 The Husband shall be responsible for the payment of the premiums necessary to maintain the existing life insurance policy in full force and effect and shall maintain such policy free of any and all liens, encumbrances, loans or pledges; and he

- 26 -

shall deliver to the Wife copies of certificates or other instruments evidencing the designation of the Wife as beneficiary pursuant to this provision.

22.3    So long as the Husband continuously makes all payments, all dividends hereafter payable under said policy shall belong to the Husband, who shall have the option of accepting payment or applying them in reduction of premiums.

22.4    In the event that, upon the Husband's death, the proceeds of the life insurance policy received by the Wife are less than the amounts required herein, either because of the Husband's failure to pay premiums, cancellation, encumbrance, or otherwise, then the Husband's estate shall be liable for the difference.

22.5    In the event that the Husband shall not have maintained the life insurance policies required herein, and there are no proceeds, such insurance as may not be in effect at his death which is due to the Wife shall be charged against the Husband's estate.

22.6    The Husband shall transmit to the Wife, at her written request, receipts showing that all premiums, fees and assessments have been timely paid. The Husband hereby authorizes the Wife to be informed by the insurance companies of the status of said insurance policies and the timely payment of all premiums, fees and assessments; and the Husband shall execute and