UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

                Plaintiff,              ANSWER TO CROSS-
                                                        CLAIMS
      -against-                             Civil Action No.
                                                      07 CV 6619

MARIE LISOWSKI AS TRUSTEE FOR THE BENEFIT
OF MATTHEW J. LISOWSKI and JOETTA LISOWSKI,

                Defendants.
-----------------------------------------------------------------X

       The Defendant, JOETTA LISOWSKI, by her attorneys, Lieberman & LeBovit, as and for her Answer to Defendant Marie Lisowski's Cross-claims to the Interpleader Complaint, respectfully shows and alleges as follows:

## ANSWER

       1. Denies each and every allegation of paragraphs 5, 6, 7, 8, 9, 10 and 11 of the Cross Claim.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE DEFENDANT, JOETTA LISOWSKI, RESPECTFULLY SHOWS AND ALLEGES AS FOLLOWS:

       2. At the time of Joseph Lisowski's death he did not have an obligation to pay child support for the benefit of Matthew J. Lisowski.

       3. At the time of Joseph Lisowski's death he did not have an obligation to maintain life insurance for the benefit of Matthew J. Lisowski.

rp\litig\Lisowski\reply to cross claim           1

4. At the time of Joseph Lisowski's death Marie Lisowski was not the trustee for Matthew J. Lisowski under the terms of the Judgment of Divorce and incorporated Stipulation of Settlement.

5. At the time of Joseph Lisowski's death the only extant order of a Court of competent jurisdiction addressing the issue of Matthew J. Lisowski's emancipation was the July 17, 2006 Order of the New York State Family Court in and for the County of Dutchess.

6. As a result, Marie Lisowski is not a properly named party to this action.

7. Accordingly, insofar as the Complaint alleges Defendant Marie Lisowski as trustee for Defendant Matthew J. Lisowski has an interest in the subject policy the same should be dismissed.

<u>**AS AND FOR A SECOND AFFIRMATIVE DEFENSE<br>DEFENDANT, JOETTA LISOWSKI, RESPECTFULLY<br>SHOWS AND ALLEGES AS FOLLOWS:**</u>

8. Paragraphs 2 through 7 of the First Affirmative Defense are repeated and realleged herein as if set forth in full as part of this Second Affirmative Defense.

9. Matthew J. Lisowski was emancipated as a matter of law as of the date of Joseph Lisowski's death.

10. As a result, Matthew J. Lisowski has no right, claim or interest in said life insurance policy and the Cross claim should be dismissed for failing to state a cause of action.

<u>**AS AND FOR A THIRD AFFIRMATIVE DEFENSE<br>DEFENDANT, JOETTA LISOWSKI, RESPECTFULLY<br>SHOWS AND ALLEGES AS FOLLOWS:**</u>