UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

THE NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY,

                        Plaintiff,

       -against-

MARIE LISOWSKI AS TRUSTEE FOR THE BENEFIT
OF MATTHEW J. LISOWSKI AND JOETTA
LISOWSKI,

                       Defendants.
------------------------------------------------------------------------X

Civil Action No. 07-Civ-6619 (KMK) (LMS)

**REPLY TO COUNTERCLAIMS OF DEFENDANT JOETTA LISOWSKI**

      Plaintiff, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), by its attorneys, Rivkin Radler LLP, as and for its reply to the Counterclaims of Joetta Lisowski, alleges as follows:

      1.     Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "29" of Joetta's Counterclaim.

      2.     Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "30" of Joetta's Counterclaim.

      3.     Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "31" of Joetta's Counterclaim.

      4.     Denies each and every allegation of Paragraph "32" of Joetta's Counterclaim, except admits that Northwestern Mutual is a mutual life insurance company organized and existing under laws of the state of Wisconsin and is licensed to do business in the State of New York.

5. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "33" of Joetta's Counterclaim, except admits that Joseph Lisowski (the "Decedent") died on March 5, 2007.

6. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "34" of Joetta's Counterclaim.

7. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "35" of Joetta's Counterclaim, except admits that the Decedent was insured by Northwestern Mutual life insurance policy number 15666399 (the "Policy"), issued on February 20, 2001.

8. Denies each and every allegation of Paragraph "36" of Joetta's Counterclaim and respectfully refers the Court to the original or a true copy of the Policy for its true terms and conditions.

9. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "37" of Joetta's Counterclaim.

10. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "38" of Joetta's Counterclaim.

11. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "39" of Joetta's Counterclaim.

12. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "40" of Joetta's Counterclaim.

13. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "41" of Joetta's Counterclaim.

14. Denies each and every allegation of Paragraph "42" of Joetta's Counterclaim, except admits that Northwestern Mutual paid a portion of the proceeds of the Policy in the amount of $425,086.83 to Joetta Lisowski.

15. Denies each and every allegation of Paragraph "43" of Joetta's Counterclaim and refers the Court to Northwestern Mutual's letter dated April 20, 2007 for its true terms and conditions.

16. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "44" of Joetta's Counterclaim.

17. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "45" of Joetta's Counterclaim.

18. Denies each and every allegation of Paragraph "46" of Joetta's Counterclaim, except admits that Northwestern Mutual has not paid the balance of the proceeds of the Policy to Joetta Lisowski.

19. Denies each and every allegation of Paragraph "47" of Joetta's Counterclaim.

20. Denies each and every allegation of Paragraph "48" of Joetta's Counterclaim.

21. In response to Paragraph "49" of Joetta's Counterclaim, Northwestern Mutual repeats and realleges its responses to Paragraphs "29" through "48" of the First Counterclaim as if set forth in full herein.

22. Denies each and every allegation of Paragraph "50" of Joetta's Counterclaim.

23. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "51" of Joetta's Counterclaim.

24. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "52" of Joetta's Counterclaim.

25. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "53" of Joetta's Counterclaim.

26. Northwestern Mutual neither admits nor denies the allegations of Paragraph "54" of Joetta's Counterclaim as it asserts a legal conclusion, rather than alleging facts. To the extent that a response is required, Northwestern Mutual denies each and every allegation of said Paragraph.

27. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "55" of Joetta's Counterclaim.

28. Denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph "56" of Joetta's Counterclaim.

29. Denies each and every allegation of Paragraph "57" of Joetta's Counterclaim.

30. Denies each and every allegation of Paragraph "58" of Joetta's Counterclaim.

31. Denies each and every allegation of Paragraph "59" of Joetta's Counterclaim.

**WHEREFORE**, Northwestern Mutual requests that the Court enter judgment:

A. Directing Northwestern Mutual to pay the $150,000 remaining proceeds of the Policy, together with accrued interest, if any, into this Court;

B. Directing defendants to interplead their rights to such sum;

C. Restraining defendants, and each of them, from instituting any action against Northwestern Mutual to recover such sum;

D. Discharging Northwestern Mutual from all liability to defendants arising out of the matters herein set forth upon payment of the $150,000, with accrued interest, if any, into this Court;

E. Awarding Northwestern Mutual its costs, disbursements and attorney's fees;

F. For such other and further relief as this Court deems proper.

> RIVKINRADLER LLP
> Attorneys for Plaintiff
> The Northwestern Mutual Life Insurance Company
>
> By: _____/s/_____
>      Norman L. Tolle (NT – 5081)
>      926 RexCorp Plaza
>      Uniondale, New York  11556-0926
>      (516) 357-3242

Dated: Uniondale, New York
       October 12, 2007

2083416 v1

Case 7:07-cv-06619-KMK-LMS   Document 25   Filed 10/12/2007   Page 5 of 5