UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

NORTHWESTERN MUTUAL LIFE INS. CO.,  :

        Plaintiff,  :  MEMORANDUM ORDER

        -against-  :  07 Civ. 6619 (KMK) (LMS)

MARIE LISOWSKI, et al.,  :

        Defendants.  :

-------------------------------------------------------------x

LISA MARGARET SMITH, United States Magistrate Judge.

This matter, which has been referred to me for all purposes permitted by law, is before the Court on Defendant Marie Lisowski's[1] application for appointment of counsel from the *pro bono* panel. See Faxed letter dated June 1, 2008. I note initially that Ms. Lisowski sent this letter to the Court without seeking advance permission for faxed communications, as required by my individual rules, and without sending a copy of the letter to her adversary. Nevertheless, in the interests of justice and efficiency I will address the substance of the application. A copy of the letter will be appended hereto as an Exhibit for the benefit of opposing counsel.

First, it is important to note that in civil cases counsel are not appointed by the Court in the manner in which they are appointed in criminal cases. There is no constitutional right to representation in civil cases, and the Court has no funds to pay appointed counsel in such cases. There is, however, a panel of attorneys who have volunteered to consider agreeing to represent litigants *pro bono*, that is, without fee, in certain cases. Such representation is, however, subject

---

[1] Marie Lisowski is sued herein as the Trustee for the benefit of Matthew J. Lisowski, her son.

to the agreement of counsel to take such representation; even when a judge refers a case to the *pro bono* panel, there is no guarantee that any attorney will agree to take the case. The attorneys who have agreed to have their names placed on the *pro bono* panel list are limited in number and have limited capacity to handle such cases without fee. It is therefore the responsibility of the Court to refer only the neediest and most appropriate cases to the panel for consideration by its members.

The Court of Appeals has instructed district courts to exercise their discretion in disposing of applications for *pro bono* counsel by first evaluating the likelihood of success on the merits of the claims. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). If the application meets this threshold requirement, the district court should further consider "[the applicant's] ability to obtain representation independently, and his [or her] ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989); see Hendricks v. Coughlin, 114 F.3d 390 (2d Cir. 1997); Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994).

This case sounds in Interpleader, filed by Northwestern Mutual Life Insurance Company in order to seek a ruling how to distribute the proceeds of a certain life insurance policy issued by Plaintiff to insure the life of decedent Joseph J. Lisowski. The Defendants are the decedent's former wife, Marie Lisowski, as Trustee for the benefit of Matthew J. Lisowski, their son, and the decedent's widow, Joetta Lisowski. A Judgment of Divorce issued December 29, 1995, between the decedent and his former wife, incorporated a Stipulation of Settlement which

included in it a requirement that the decedent maintain a life insurance policy in the amount of $150,000 for the benefit of his son "until the emancipation of the child." See Exhibit A attached to Complaint. It is alleged that on July 10, 2006, the Family Court of the State of New York found Matthew Lisowski to be emancipated. No further allegation has been made that any subsequent court order reversed that ruling. Decedent passed away on March 5, 2007. The Defendants were unable to agree on the distribution of the proceeds of the life insurance policy maintained by Plaintiff, and Plaintiff therefore filed this Interpleader Complaint.

Both Defendants answered through counsel. Both Defendants Counter-claimed against Northwest and Cross-claimed against one another. The Court was subsequently notified that a settlement had been reached. Defendant Marie Lisowski withdrew from the settlement before it was finalized and discharged her attorney. By Order issued April 30, 2008, I ordered that Marie Lisowski should obtain new counsel to represent her, or should be prepared to appear *pro se* on her own behalf, and either counsel or Ms. Lisowski should appear for a conference before me on June 3, 2008, at 2:30 pm. Today I received a faxed copy of a letter from Ms. Lisowski which reads, in pertinent part,

> Please accept my apologies, however I will be unable to finance another lawyer, nor appear 'pro se' at the June 3rd conference.
>
> Due to personal hardship, would the court consider appointing free legal counsel? My salary after taxes, amounts to $438.00 per week.

Letter dated June 1, 2008.

The current state of the record makes an assessment of the likelihood of success on the merits virtually impossible at this time, as there has been no motion practice and nothing beyond

3

the pleadings for the Court to review. With respect to the other factors enumerated in Cooper, plaintiff has offered only a general statement that she is "unable to finance another lawyer," she has given no indication of what efforts she has undertaken to attempt to obtain replacement counsel. Defendant Marie Lisowski has telephoned my Chambers to inquire about this matter, and according to my staff she sounds reasonably intelligent; she has sent a letter to the Court which appears to be from a person with sufficient intelligence and sophistication to grasp the issues, and to handle at least the initial discovery. She appears to have an understanding of the fairly straightforward questions that are presented in this case.

Based on the foregoing, Defendant Marie Lisowski's application for appointment of counsel from the *pro bono* panel is denied subject to reconsideration on Defendant's renewed motion if the products of discovery and subsequent proceedings indicate either that her defense or her affirmative claims are likely to be meritorious. See Fitzgerald v. McKenna, 95 Civ. 9075 (DAB)(HBP), 1996 WL 715531 at *2 (S.D.N.Y. Dec. 11, 1996); Velasquez. v. O'Keefe, 899 F. Supp. 972, 974 (N.D.N.Y. 1995); Coronado v. Lefevre, 886 F. Supp. 220, 222 n.3, 225-56 n.8 (N.D.N.Y. 1995); Bowman v. Steinberg, 88 Civ. 5989 (PKL), 1989 WL 115958 (S.D.N.Y. Sept. 27, 1989).

The Court will *sua sponte* grant Defendant Marie Lisowski three additional weeks to attempt to obtain counsel to represent her, or to appear *pro se,* and the conference scheduled for June 3 at 2:30 is therefore adjourned. The new conference date is June 25, 2008, at 2:30 pm. Either Ms. Lisowski or an attorney on her behalf is expected at that conference.

The motion is therefore denied, without prejudice.

This constitutes the Decision and Order of this Court.

Dated: June 2, 2008
      White Plains, New York

SO ORDERED

_____
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

Depot 431          FAX NO. :8454850066          Jun. 02 2008 08:53AM  P2

Page 2



Marie G. Lisowski
9 Slate Hill Dr.
Poughkeepsie NY 12603
Tele: (845) 462-4306

June 1, 2008

U.S. Southern District Court
300 Quarropas Street
c/o U.S. Magistrate Judge Lisa M. Smith
White Plains NY 10601

Reference: Northwestern Mutual Life Insurance Policy, Beneficiary, Matthew Lisowski

Your Honor, Judge Smith,

Please accept my apologies, however I will be unable to finance another lawyer, nor appear 'pro se' at the June 3rd conference.

Due to personal hardship, would the court consider appointing free legal counsel? My salary after taxes, amounts to $438.00 per week.

I entrust this matter to your discretion, and thank you for your patience.

Very Truly Yours,
Marie G. Lisowski