**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE NORTHWESTERN MUTUAL LIFE**
**INSURANCE COMPANY,**

                                    **Plaintiff,**
                 *- against -*                                   **07 Civ. 6619 (KMK)(LMS)**

**MARIE LISOWSKI AS TRUSTEE FOR THE**                            <u>**REPORT AND**</u>
**BENEFIT OF MATTHEW J. LISOWSKI AND**                          <u>**RECOMMENDATION**</u>
**JOETTA LISOWSKI,**

                                    **Defendants.**

**TO:   THE HONORABLE KENNETH M. KARAS,**
**      UNITED STATES DISTRICT JUDGE**

Plaintiff-stakeholder The Northwestern Mutual Life Insurance Company (herein,

"Northwestern") commenced the instant interpleader action pursuant to Federal Rule of Civil

Procedure 22 seeking to establish the proper beneficiary of a $150,000 life insurance policy it

issued to decedent Joseph J. Lisowski.  <u>See</u> Docket #1, Complaint (herein, "Comp.") at ¶7.

Subject matter jurisdiction over the instant action is predicated upon the Court's grant of

diversity jurisdiction, <u>see</u> 28 U.S.C. §1332(a)(1); Northwestern is a corporate entity organized

under the laws of the State of Wisconsin and maintains its principal place of business in

Wisconsin, and both claimant-defendants, Marie Lisowski, as trustee for the benefit of Matthew

Lisowski (herein, "Marie Lisowski") and Joetta Lisowski (herein, "Joetta Lisowski"), are

residents of the State of New York.  <u>See</u> Comp. at ¶¶1, 3-4; <u>Franceskin v. Credit Suisse</u>, 214 F.3d

253, 259 (2d Cir. 2000) ("a federal court has diversity jurisdiction over an interpleader action

brought pursuant to [] Rule [22] so long as the stakeholder . . . is diverse from every claimant.")

1

(citations omitted).  Joetta Lisowski was married to Joseph Lisowski at the time of his death in

March, 2007, and Marie Lisowski was married to Joseph Lisowski from November, 1985, until

their divorce in December, 1995.  See Comp. at ¶3-4; see Docket #44, Defendant Joetta

Lisowski's Motion for Summary Judgment, Local Rule 56.1 Statement (herein, 56.1 Statement")

at ¶2.  Marie Lisowski and Joseph Lisowski had one child, Matthew Lisowski, during the course

of their marriage.  See 56.1 Statement at ¶2.

Northwestern commenced the instant interpleader action to determine whether Marie

Lisowski, as trustee for the benefit of Matthew Lisowski, or Joetta Lisowski is the proper

beneficiary and recipient of the remaining $150,000 of life insurance proceeds.  Pursuant to the

terms of the stipulation of settlement and agreement entered into by the decedent and Marie

Lisowski upon the finalization of their divorce, the decedent was responsible for maintaining a

life insurance policy naming Marie Lisowski, as trustee for the benefit of Matthew Lisowski, as

the beneficiary of such life insurance policy "until the emancipation of [Matthew Lisowski]."

See Docket #44, Defendant Joetta Lisowski's Motion for Summary Judgment, Affidavit of Joetta

Lisowski (herein, "Lisowski Aff."), Ex. 4, Stipulation of Settlement and Agreement (herein,

"Stipulation") at ¶22.1.  Northwestern claims that it cannot determine whether the remaining

$150,000 of proceeds should be awarded to Marie Lisowski because of a dispute concerning

Matthew Lisowski's emancipated status as of the time of Joseph Lisowski's death in March,

2007.  See Comp. at ¶¶10-13.  At the time of Joseph Lisowski's death, the life insurance policy

issued by Northwestern was valued at $575,086.83; $425,086.83 was paid to Joetta Lisowski, the

secondary beneficiary named on the policy, and the remaining $150,000, which was the amount

Joseph Lisowski was responsible for maintaining under the terms of his separation agreement for

Matthew Lisowski's benefit, was withheld pending resolution of the identity of the proper

beneficiary of this sum.  See Comp. at ¶10.

Following a sporadic period of pretrial discovery, the circumstances of which are

described infra, Defendant Joetta Lisowski filed a motion for default against Marie Lisowski

seeking an award of the remaining $150,000.  See Docket #44.  Alternatively, Joetta Lisowski

moves for summary judgment in her favor, arguing that there exist no genuine issues of material

fact for resolution at trial and that the remaining proceeds should be awarded to her as a matter of

law.  Id.

For the following reasons I conclude, and respectfully recommend that Your Honor

should conclude, that Defendant Joetta Lisowski's motion for summary judgment should be

granted on the basis that Matthew Lisowski was deemed emancipated by a court of competent

jurisdiction prior to the decedent's death and that the remaining $150,000 in life insurance

proceeds should therefore be awarded to Joetta Lisowski under the terms of the life insurance

policy.  I respectfully recommend that judgment in favor of Joetta Lisowski in this amount

should be entered, that the motion for default should be denied as moot, and that the case should

be marked as closed.

## BACKGROUND

A.    Facts

The following recitation of fact informs the undersigned's recommendation that Joetta

Lisowski's motion for summary judgment should be granted.  The following facts are drawn

from the Local Rule 56.1 Statement filed by Joetta Lisowski, along with the well pled facts

contained within the interpleader Complaint.  See Gubitosi v. Kapica, 154 F.3d 30, 31 n.2 (2d

Cir. 1998).

Marie Lisowski and decedent Joseph Lisowski were married from November 10, 1985, until December 29, 1995.  See 56.1 Statement at ¶2.  Matthew Lisowski, Marie and Joseph Lisowski's only son, was born on August 1, 1987.  Id.  Following approximately ten years of marriage, Marie and Joseph Lisowski divorced in December, 1995.  Id.  Among the requirements contained within Marie and Joseph Lisowski's divorce and separation agreement was the requirement that Joseph Lisowski maintain a life insurance policy naming their son, Matthew Lisowski, as the beneficiary of a $150,000 life insurance policy.  Id.; see also Stipulation at ¶22.1.  The separation agreement provided that Joseph Lisowski was to "name [Marie Lisowski] as trustee and [Matthew Lisowski] as irrevocable beneficiary of $150,000 of [] life insurance until the emancipation of [Matthew Lisowski]."  See Stipulation at ¶22.1.[1]

Pursuant to the terms of the separation agreement, Joseph Lisowski purchased a life insurance policy with Northwestern designating Marie Lisowski as the trustee of the proceeds for Matthew Lisowski's benefit.  See 56.1 Statement at ¶2; see also Lisowski Aff., Ex. 8, Northwestern Life Insurance Beneficiary Designation Form.  Joseph Lisowski named Marie Lisowski as the trustee of the proceeds for Matthew Lisowski's benefit "as their respective interests may appear in the Divorce Decree," and named Joetta Lisowski as the contingent and secondary beneficiary "as to any remaining proceeds or the entire remaining proceeds if Marie Lisowski no longer has an interest in said Divorce Decree."  See Lisowski Aff., Ex. 8,

---

[1]  The original wording of the agreement called for Joseph Lisowski to maintain $250,000 in life insurance after his obligation to pay maintenance to Marie Lisowski ended; this amount was reduced by agreement of the parties to $150,000, which is evidenced by their initialing such change on the written agreement.  See Stipulation at ¶22.1.

Northwestern Life Insurance Beneficiary Designation Form.  As noted by counsel for Joetta Lisowski, "the designation of Matthew [Lisowski] as a beneficiary was limited" based upon Matthew Lisowski's emancipated status as set forth in the aforementioned portion of Marie and Joseph Lisowski's separation agreement.  See 56.1 Statement at ¶2; see also Stipulation at ¶22.1 (providing that Joseph Lisowski had to maintain the life insurance policy for the benefit of Matthew Lisowski until he was deemded emancipated).

Marie Lisowski commenced an enforcement proceeding in Dutchess County Family Court in 2006 seeking an award of unpaid child support payments against Joseph Lisowski.  See 56.1 Statement at ¶5; see also Lisowski Aff., Ex. 6, Order of the Dutchess County Family Court dated July 17, 2006.  In response to the petition for an award of child support arrears, decedent Jospeh Lisowski cross-petitioned for a reduction of his child support payments because of Matthew Lisowski's alleged "constructive abandonment" and emancipation based upon his full time employment and lack of college matriculation.  See 56.1 Statement at ¶5; see also Lieberman Aff., Ex. 5, Notice of Verified Cross-Petition.  Among the provisions in the stipulation of settlement and agreement entered into by Marie and Joseph Lisowski upon their divorce was a provision providing for several emancipation events concerning Matthew Lisowski which would end Joseph Lisowski's obligation to pay child support to Marie Lisowski.  See Stipulation at ¶19.  One of the emancipation events provided that Matthew Lisowski would be considered emancipated upon his "full-time gainful employment, excluding vacational and seasonal employment and non full-time attendance at school[.]"  See Stipulation at ¶19.1.4.  In his verified cross-petition, Joseph Lisowski argued to the Dutchess County Family Court that his obligation to pay child support ceased based upon Matthew Lisowski's lack of full time college

attendance, his "working full-time and /or [having] the capacity to work full-time," and in the

alternative argued that Matthew Lisowski had committed abandonment, which consisted of

Matthew Lisowski refusing all "communication, contact and visitation" with Joseph Lisowski.

See Lisowski Aff., Ex. 5, Verified Cross-Petition at ¶5(i)-(iii).  On July 17, 2006, Marie and

Joseph Lisowski entered into a stipulation, which was approved and so ordered by the presiding

Dutchess County Family Court Judge, (1) awarding Marie Lisowski $7,500 in unpaid child

support; (2) declaring Matthew Lisowski emancipated based upon his "current full time

employment and lack of matriculation in a college curricular course of study;" and (3)

terminating Joseph Lisowski's obligation to pay child support to Marie Lisowski "for so long as

Matthew [Lisowski] is working full time . . . ."  See Lisowski Aff., Ex. 6, Order dated July 17,

2006; see also 56.1 Statement at ¶5.

  "Joseph Lisowski died unexpectedly on March 5, 2007, less than nine months after the

entry of the Family Court order deeming Matthew [Lisowski] emancipated."  See 56.1 Statement

at ¶6.  Joetta Lisowski submitted a claim to Northwestern for payment of the entire amount of the

life insurance policy for which she was designated as the secondary beneficiary.  See Comp. at

¶10.  Northwestern paid Joetta Lisowski the proceeds of the life insurance policy less the

$150,000 amount maintained for Matthew Lisowski's benefit under the terms of Marie and

Joseph Lisowski's separation agreement.  Id.  Northwestern contacted Marie Lisowski "in her

capacity as [t]rustee [for the benefit of] Matthew Lisowski [to inquire as to whether] Matthew

[Lisowski] had obtained, or was contemplating obtaining, an Order from the Court declaring

himself 'unemancipated.' "  See Comp. at ¶11.  Northwestern avers that Marie Lisowski

contested Matthew Lisowski's emancipated status as of the time of Joseph Lisowski's death on

the grounds that he, Matthew Lisowski, "was not working at the time of his father's [Joseph Lisowski's] death, [and that] he was not emancipated at that time."  See Comp. at ¶12. Northwestern notified both Marie Lisowski and Joetta Lisowski that there existed competing claims to the $150,000 balance of the life insurance policy it maintained on behalf of Joseph Lisowski and it commenced the instant interpleader action to determine the identity of the proper beneficiary of the remaining proceeds.  See Comp. at ¶¶13-14.  Both Marie Lisowski, in her capacity as trustee for the benefit of Matthew Lisowski, and Joetta Lisowski claim that they are entitled to the disputed $150,000.

B.    Summary of Instant Litigation

Defendants Marie Lisowski and Joetta Lisowski, through counsel, answered Northwestern's interpleader complaint and asserted cross-claims against one another for an award of the disputed $150,000 of life insurance proceeds.  As is common in interpleader actions, both parties also asserted counterclaims against Northwestern for an award of the disputed amount.  Following a brief period of pretrial discovery supervised by the undersigned, Marie Lisowski's counsel, David Wise of Gellert and Kline, P.C., sought leave of the Court to withdraw as Marie Lisowski's attorney based upon Marie Lisowski's desire to discharge his firm because of concerns she had with the wording of a potential settlement agreement discussed between counsel for Marie Lisowski and Joetta Lisowski.  See Docket #28.  Your Honor granted Mr. Wise's application to be relieved as counsel for Marie Lisowski, see Docket #34, and Marie Lisowski was given time to retain new counsel or to elect to proceed *pro se*.  The undersigned adjourned several pretrial conferences to allow Marie Lisowski additional time to retain new counsel; Marie Lisowski, however, never obtained new counsel.  Marie Lisowski was directed to

appear in Court before the undersigned to proceed *pro se* in the case on several occasions; Marie Lisowski, however, has refused to participate in any pretrial conference in person before the undersigned, stating in letters to the Court that although she was attempting to find a new attorney, she could not adequately represent herself in court.  See, e.g., Docket #41, Letter from Marie Lisowski dated March 11, 2009; Docket #42, Order dated March 13, 2009; Docket #48, Order dated April 21, 2009.

Based upon Marie Lisowski's refusal to participate in the discovery and preparation of this action for trial, the undersigned permitted Joetta Lisowski to file a motion to strike Marie Lisowski's Answer and to move for judgment in her favor.  See Minute Entry dated June 25, 2008.  After some delay, counsel for Joetta Lisowski filed a motion for summary judgment, see Docket #37, which failed to include a memorandum of law as required by the Local Rules of the Southern and Eastern Districts of New York.  See Docket #42, Order at pp. 2-3.  Joetta Lisowski's motion for summary judgment was withdrawn without prejudice and was re-filed in compliance with the Court's Local Rules on March 22, 2009.  See Docket 44, Motion for Summary Judgment.  In her motion for summary judgment, Joetta Lisowski argues that there are no genuine issues of material fact necessitating trial and that she should be awarded the outstanding $150,000 in life insurance proceeds as a matter of law based upon the Dutchess County Family Court Order declaring Matthew Lisowski emancipated prior to the time of his father's death.  See Docket #44, Motion for Summary Judgment, Memorandum of Law (herein, "Mem.") at pp. 5-10.

Northwestern joins in that portion of Joetta Lisowski's motion seeking to terminate this action in its entirety once the Court issues a decision on the motion concerning the identity of the

proper beneficiary of the disputed $150,000.  See Docket #47, Letter Brief from Counsel for

Northwestern.[2]  Northwestern avers that it is disinterested as to who is deemed the proper

beneficiary of the disputed insurance proceeds, and seeks dismissal of the counterclaims asserted

against it by both Marie Lisowski and Joetta Lisowski seeking an award of the policy proceeds

upon resolution of the pending motion.[3]

      Marie Lisowski submitted a two page Opposition to Joetta Lisowski's motion for

summary judgment, arguing that Matthew Lisowski was never emancipated and therefore was

not emancipated at the time of Joseph Lisowski's death.  See Docket #49, Opposition to Joetta

Lisowski's Motion for Summary Judgment (herein, "Opp.") at p. 2.  Marie Lisowski contends

that Matthew Lisowski continued to remain in her residence following the Dutchess County

Family Court's emancipation order and that the emancipation order decreeing Matthew Lisowski

emancipated based upon his full time employment was incorrect because it "was based on the

overtime hours that the company requested [Matthew Lisowski] to work, over and above his

part-time status[]."  Id.  Attached to her Opposition is a copy of Matthew Lisowski's 2006 W-2,

along with a hand written enumeration of the hours Matthew Lisowski allegedly worked between

---

[2]  Northwestern's letter brief has been identified by the Clerk of the Court as being
improvidently filed on ECF.  See Docket #47.  The undersigned is in receipt of a courtesy copy
of this letter and is directing the Clerk of the Court to re-docket this letter so as to ensure a
complete and accurate catalog of the information considered by the Court in the course of
reviewing the instant motion.

[3]  As counsel for Northwestern accurately notes, counsel for Joetta Lisowski stated in
Court that he would also withdraw an independent cause of action currently pending against
Northwestern by Joetta Lisowski concerning an alleged error in the processing of a change in the
beneficiary designation form purportedly completed by Joseph Lisowski prior to his death.  In
light of the instant recommendation, I respectfully recommend that all outstanding claims among
the parties be dismissed except for Joetta Lisowski's claim seeking an award of the contested life
insurance proceeds, and that judgment in Joetta Lisowski's favor be entered on that claim.

May 29, 2004, and November 18, 2006.  Id.  The undersigned infers from this inclusion of the

enumeration of Matthew Lisowski's working hours that Marie Lisowski believes that Matthew

Lisowski never worked full time, and that he thus never satisfied one of the conditions of

emancipation contained in the stipulation of settlement and agreement entered into by Marie and

Joseph Lisowski upon their divorce in December, 1995.  Marie Lisowski thus appears to argue

that Matthew Lisowski is the proper beneficiary of the remaining $150,000 in life insurance

proceeds held by Northwestern because he was not emancipated as of the time of his father's

death.

## DISCUSSION

A.      Motion for Summary Judgment Standard of Review and Local Rule 56.1

        1.      Summary Judgment Standard

        Pursuant to the Federal Rules of Civil Procedure, summary judgment "should be rendered

if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there

is no genuine issue as to any material fact and that the movant is entitled to a judgment as a

matter of law."  FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 320-23 (1986).  A

fact is "material" when it may affect the outcome of a case under the governing substantive law.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material fact is

"genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party.  Id.  A trial judge may, therefore, grant summary judgment only if there is no genuine issue

as to any material fact and if the moving party is entitled to judgment as a matter of law.  Id. at

250.  The inquiry performed is the threshold inquiry of determining whether there are any

genuine factual issues that properly can be resolved only by a finder of fact.  Id.

Summary judgment may be granted only "[i]f after discovery, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex, 477 U.S. at 323) (alteration in original). "The nonmoving party must have 'had the opportunity to discover information that is essential to his [or her] opposition' to the motion for summary judgment." Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir.1989) (quoting Anderson, 477 U.S. at 250 n. 5). Moreover, a court should "constru[e] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in its favor." Mount Vernon Fire Ins. Co. v. Belize NY, Inc., 277 F.3d 232, 236 (2d Cir. 2002); Farias v. Instructional Sys., Inc., 259 F.3d 91, 97 (2d Cir. 2001); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 764 (2d Cir. 1998); see also Anderson, 477 U.S. at 261 n.2. Thus, "[o]nly when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992) (quoting H.L. Hayden Co. of New York, Inc. v. Siemans Med. Sys. Inc., 879 F.2d 1005, 1011 (2d Cir. 1989)).

　　　2.　　　Local Rule 56.1

Pursuant to the Local Rules for the Southern and Eastern Districts of New York, a moving party must attach a "separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." See Local Rule 56.1(a). A similar requirement is imposed upon the party opposing the motion for summary judgment. See Local Rule 56.1(b) (requiring the party opposing a motion for summary judgment to identify the material facts which it contends are in dispute). Should the

non-moving party fail to respond to the facts alleged by the moving party to be undisputed, those facts "will be deemed to be admitted for purposes of the motion . . . ."  Local Rule 56.1(c).  Importantly, "[e]ach statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)."  See Local Rule 56.1(d).  This requirement "free[s] district courts from the need to hunt through voluminous records without guidance from the parties."  Holtz v. Rockefeller Co., 258 F.3d 62, 74 (2d Cir. 2001) (citations omitted).

Thus, as a general rule, the Court may accept as true the material facts asserted by the moving party in an unopposed Rule 56.1 statement.  See Gubitosi v. Kapica, 154 F.3d 30, 31 n.2 (2d Cir. 1998).  The Second Circuit has cautioned, however, that the opposing party's failure to comply with the local rules does not absolve the moving party from meeting its own burden of proof in its motion for summary judgment.  See Holtz, 258 F.3d at 72-74.  The Holtz court also noted that a district court has "broad discretion" to determine whether to overlook noncompliance with the local rules.  Id. at 73.  Synthesizing the spirit of the Local Rules, and the Holtz court's decision, failure to respond to a moving party's Rule 56.1 Statement may mean that the uncontested facts contained therein will be assumed to be true for the purposes of the motion if such facts are properly supported by citations to admissible evidence.  See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003).

In light of this Court's "broad discretion" to determine the effect of noncompliance with the Local Rules, Holtz, 258 F.3d at 73, and because Joetta Lisowski's Rule 56.1 Statement is replete with citations to admissible evidence, I find that the uncontested facts asserted in the

Joetta Lisowski's Rule 56.1 Statement should be assumed to be true for the purposes of this motion.  The undersigned wishes to emphasize that although Marie Lisowski has not appeared in Court and that the undersigned has not had an opportunity to explain to her the nature of summary judgment, Marie Lisowski has been provided with the Pro Se Manual maintained by the Pro Se Office of this Court explaining to her the nature of summary judgment.  See Docket #45, Order.  Additionally, counsel for Northwestern properly served Marie Lisowski with a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment," see Docket #46, pursuant to Local Civil Rule 56.2, as did counsel for co-defendant Joetta Lisowski, see Docket #44, Attachments ##2-3.

B.  Joetta Lisowski's Argument as to Judgment in her Favor

At the outset, the undersigned respectfully recommends that Joetta Lisowski's motion for summary judgment, rather than her motion for default, should be entertained by the Court.  The Second Circuit has stated a clear preference "for resolving disputes on the merits."  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).  Thus, between a motion for summary judgment, which is a merits-based assessment, and a motion for default, the Second Circuit's case law directs that the motion for summary judgment should be given priority over the motion for entry of default.  Id.  A decision on the motion for summary judgment would then moot the default judgment motion.

Joetta Lisowski's motion for summary judgment seeks the award of the remaining $150,000 in life insurance proceeds based upon the allegedly undisputed facts that Matthew Lisowski was emancipated at the time of Joseph Lisowsk's death in March, 2007, and that Joseph Lisowski's obligation to maintain life insurance for Matthew Lisowski's benefit ceased

upon Matthew Lisowski's emancipation.  <u>See</u> Mem. at p. 5.  For the following reasons, I respectfully recommend that Joetta Lisowski's legal assertions are correct, that there exist no genuine issues of material fact, and that Joetta Lisowski's motion for summary judgment in her favor should be granted.

Resolution of the pending motion involves consideration of two separate areas of law: issue preclusion and contract law.  Joetta Lisowski's motion argues that a court of competent jurisdiction – the Dutchess County Family Court – declared Matthew Lisowski emancipated as of July, 2006.  In conjunction with this assertion, Joetta Lisowski argues that this finding should be afforded effect in this Court as applied to the language of the stipulation of agreement and settlement entered into by Marie and Joseph Lisowski upon their divorce in December, 1995. The former assertion concerns whether a decision of a sister forum should be afforded binding and preclusive effect in this Court – i.e. whether collateral estoppel should attach to the Order of the Dutchess County Family Court – and the latter assertion concerns whether the separation agreement entered into by Marie and Joseph Lisowski, which under New York law is considered a contract, is plain and unambiguous.  For the following reasons, I respectfully recommend (1) that collateral estoppel effect should be extended to the July 17, 2006, Order of the Dutchess County Family Court finding Matthew Lisowski emancipated, and (2) that the terms of the separation agreement concerning the beneficiary designation of the life insurance policy maintained by Joseph Lisowski are unambiguous and provide Joetta Lisowski with the right to recover the remaining $150,000 in light of Matthew Lisowski's emancipated status as ordered by the Dutchess County Family Court in July, 2006.

1.      Collateral Estoppel Effect of Dutchess County Family Court Order

The essence of Joetta Lisowski's argument is that the decision of the Dutchess County Family Court declaring Matthew Lisowski emancipated as of July 17, 2006, should be honored and recognized by this Court in the course of determining who is the appropriate beneficiary of the remaining $150,000 in life insurance proceeds held by Northwestern.  Although counsel for Joetta Lisowski does not use the phrase collateral estoppel, the substance of his argument is that the decision of that Court resolves an issue in this Court and that the decision of the Dutchess County Family Court should have binding preclusive effect on an issue raised in this litigation.

Section 1738 of Title 28 of the United States Code, the federal full faith and credit statute, provides that "[s]uch Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  Section 1738 implements the Full Faith and Credit Clause of the United States Constitution, Article IV, §1, see Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80 n.4 (1984), and pursuant to this directive, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered," id. at 81.  Because the operative decision in question was rendered in New York, this Court must turn to New York law to determine how New York courts would treat the previously issued Order declaring Matthew Lisowski emancipated in subsequent litigation.  See id.

"Under New York law, collateral estoppel prevents a party from relitigating an issue decided against that party in a prior adjudication.  It may be invoked to preclude a party from raising an issue (1) identical to an issue already decided (2) in a previous proceeding in which that party had a full and fair opportunity to litigate." Fuchsberg & Fuchsberg v. Galizia, 300 F.3d

105, 109 (2d Cir. 2002).  The Second Circuit has explained that New York issue preclusion includes a third element that is commonly overlooked by the courts: that "the issue that was previously raised must be decisive of the present action."  Curry v. City of Syracuse, 316 F.3d 324, 331 n.4 (2d Cir. 2003) (explaining that a third element of collateral estoppel is required under New York law, but not required under federal law).

One of the most important factors the Court must consider when assessing whether collateral estoppel effect should be extended to a decision of a sister forum is whether the sister forum was a court of competent jurisdiction; if the sister forum did not have jurisdiction to render the decision or judgment in the first instance, the decision or judgment, *a fortiori*, cannot be given preclusive effect in subsequent litigation because the litigant against whom collateral estoppel is asserted did not have a full and fair opportunity to be heard on that issue in the first instance.  See Murphy v. Gallagher, 761 F.2d 878, 879 (2d Cir. 1985); Ryan v. New York Tel. Co., 62 N.Y.2d 494, 501 (1984) (noting that among factors to consider when collateral estoppel is asserted is the nature of the forum in which the issue was first decided).

Marie and Joseph Lisowski appeared, through counsel, in the Dutchess County Family Court on cross-petitions filed pursuant to Article 4 of the New York State Family Court Act.  See Lisowski Aff., Ex. 5, Notice of Verified Cross-Petition.  Pursuant to New York law, the Family Court has jurisdiction to enter modifications to child support orders provided that the New York State Supreme Court – which is New York's court of general jurisdiction empowered to handle matrimonial actions – did not expressly reserve to itself exclusive jurisdiction over such modifications in its approval of the parties' divorce and separation agreement.  See FAM. CT. ACT §461[b][ii] ("If an order of the supreme court or of another court of competent jurisdiction

requires support of the child, the family court may entertain an application to modify such order on the ground that changed circumstances requires such modification, unless the order of the supreme court provides that the supreme court retains exclusive jurisdiction to enforce or modify the order.").  In the judgment of divorce entered by the New York State Supreme Court, Westchester County, the Supreme Court stated expressly that "the Court [the New York State Supreme Court] retains jurisdiction of the matter concurrently with the Family Court for the purposes of specifically enforcing such of the provisions of that Stipulation of Settlement and Agreement as are capable of specific enforcement, to the extent permitted by law, and of making such further judgment with respect to maintenance, child support, custody or visitation as it finds appropriate under the circumstances existing at the time [the] application for that purpose is made to it, or both . . . ."  See Lisowski Aff., Ex. 4, Judgment of Divorce at p. 4.  I therefore respectfully recommend that the Family Court was a court of competent jurisdiction to handle the child support modification petition presented to it by Joseph Lisowski and that Marie Lisowski, as trustee for Matthew Lisowski, had a fully and fair opportunity to litigate this issue in Family Court.

I further respectfully recommend that the other elements of issue preclusion under New York law have been met.  The issue in this case involves Matthew Lisowski's emancipated status; there is no dispute that this issue was considered and decided by the Family Court in July, 2006.  See Lisowski Aff., Ex. 6, Order of Dutchess County Family Court dated July 17, 2006 ("[T]he parties son, Matthew Lisowski . . ., is deemed emancipated based upon his current full time employment and lack of matriculation in a college curricular course of study toward a [] degree.").  Moreover, as noted by counsel for Joetta Lisowski, no modification of that order was

sought by Marie Lisowski, and the decision of the Family Court as to Matthew Lisowski's

emancipated status cannot be collaterally attacked in this Court with evidence suggesting that

Matthew Lisowski was not working full time at the time of the Family Court's emancipation

order.  Marie Lisowski's effort to establish that Matthew Lisowski was not working full time, see

Opp., Ex. 1 (enumeration of hours worked by Matthew Lisowski), consists of a document that

appears to have been produced by Marie Lisowski for the purposes of this motion.  To the best of

the Court's knowledge, this document has not been exchanged in discovery with the other parties

to this case prior to this point in time; moreover, this document does not appear to be admissible

in its current form.  See FED. R. CIV. P. 56(e)(1) ("A supporting or opposing affidavit must be

made on personal knowledge, [and] set out facts that would be admissible in evidence . . .");

FED. R. EVID. 802 ("Hearsay is not admissible . . ."); FED. R. EVID. 801(c) (" 'Hearsay' is a

statement, other than one made by the declarant while testifying at the trial or hearing, offered in

evidence to prove the truth of the matter asserted."); see also FED. R. EVID. 1006 (permitting the

introduction of summaries of voluminous information provided that originals or duplicates are

available for inspection or copying); FED. R. EVID. 901(a) (authentication requirement as

condition precedent for admissibility).

Moreover, even if the Court were to consider Marie Lisowski's argument on this point,

this Court is wholly without jurisdiction to alter the decision and order entered by the Family

Court.  Federal courts, except the United States Supreme Court, do not sit as appellate courts

overseeing the decisions of duly authorized state courts of competent jurisdiction.  See Atlantic

C.L.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 296 (1970) ("lower federal courts

possess no power whatever to sit in direct review of state court decisions.").  Any argument

18

involving an alleged change in circumstances concerning Matthew Lisowski's emancipated

status had to be presented to the Family Court, or another court of competent jurisdiction within

the New York State Court system, in a timely manner.  See FAM. CT. ACT §§461, 466; see also

Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) ("the domestic relations exception [to

federal jurisdiction], as articulated by this Court . . ., divests the federal courts of power to issue

divorce, alimony, or child custody decrees.").  No such application having been made to a New

York state court of competent jurisdiction, the undersigned respectfully recommends that the

decision of the Family Court declaring Matthew Lisowski emancipated as of July 17, 2006,

should be afforded collateral estoppel effect in the instant litigation.

      2.      Interpretation of the Terms of the Stipulation of Settlement and Agreement
                  Entered into by Marie and Joseph Lisowski

Upon concluding and recommending that there exists a valid and enforceable decision

and order of the Family Court declaring Matthew Lisowski emancipated, the question becomes

what effect, if any, that decision has on the question of which party is the rightful beneficiary of

the disputed life insurance proceeds presented in this litigation.  "A stipulation of settlement

which is incorporated but not merged into a judgment of divorce is a contract subject to

principles of contract construction and interpretation."  Kosnac v. Kosnac, 60 A.D.3d 636, 637

(2d Dept. 2009); Awerman v. Awerman, 36 A.D.3d 842, 843 (2d Dept. 2007).  Marie and Joseph

Lisowski's stipulation of settlement and agreement, which constitutes their separation agreement,

falls into such a category; pursuant to the judgment of divorce entered by the New York State

Supreme Court, Westchester County, "the Stipulation of Settlement and Agreement entered into

between the parties . . . is attached to and incorporated in this Judgment by reference, [and] shall

survive and shall not be merged in this Judgment[.]"  <u>See</u> Lisowski Aff., Ex. 4, Judgment of

Divorce at p. 4.  Under New York law, it is the court's authority to give meaning and force to the

plain, unambiguous language of a contract.  <u>See</u> <u>Golden Pac. Bancorp v. FDIC</u>, 273 F.3d 509,

514-15 (2d Cir. 2001).  "Whether a contract is ambiguous is a question for the court [to

resolve.]"  <u>Id.</u> at 214 (quoting <u>Van Wagner Adver. Corp. v. S&M Enters.</u>, 67 N.Y.2d 186

(1986)).  The interpretation of an unambiguous contract or an unambiguous provision within a

contract "is also a matter of law reserved for the court."  <u>Id.</u> at 515 (citing <u>VKK Corp. v. Nat'l</u>

<u>Football League</u>, 244 F.3d 114, 129 (2d Cir. 2001)).  When the Court determines that a contract,

or a contract provision, is unambiguous, the Court must interpret the contract to "effectuate its

plain language."  <u>See</u> <u>Seabury Const. Corp. v. Jeffrey Chain Corp.</u>, 289 F.3d 63, 68 (2d Cir.

2002) (citing New York case law for plain language canon of construction).  The terms of a

contract should be construed in accord with their meaning as they relate to the other terms within

the contract and should not be read in isolation.  <u>See</u> <u>Excess, Ins. Co. v. Factory Mut. Ins. Co.</u>, 3

N.Y.3d 577, 582 (2004).

     I respectfully recommend that the plain language of Marie and Joseph Lisowski's

separation agreement provides for a conditional award of life insurance proceeds to Matthew

Lisowski provided that he was not emancipated at the time of Joseph Lisowski's death.  <u>See</u>

Stipulation at ¶22.1.  This portion of their separation agreement makes reference to Matthew

Lisowski's emancipated status, which is also governed by the terms of their separation

agreement.  <u>See</u> <u>id.</u> at ¶19.  One of the emancipation events identified in their agreement consists

of "[t]he child's [Matthew Lisowski's] full-time gainful employment, excluding vacational and

seasonal employment and non full-time attendance at school."  <u>See</u> <u>id.</u> at ¶19.1.4.  Read together,

these two provisions unequivocally provide that Matthew Lisowski was not entitled to the proceeds of the life insurance policy Joseph Lisowski was required to maintain as of March, 2007 because he had been deemed emancipated by a court of competent jurisdiction in July, 2006.  I therefore conclude, and respectfully recommend that Your Honor should conclude, that there is no genuine issue of material fact as to who is entitled to the remaining $150,000 in life insurance proceeds held by Northwestern and that Joetta Lisowski should be awarded the remainder of said proceeds.  I respectfully recommend that the language of the stipulation of settlement and agreement is plain and unambiguous, and that the plain and unambiguous language of the agreement provides that Matthew Lisowski is only entitled to the life insurance proceeds provided that he was not emancipated at the time of his father's death.  Because Matthew Lisowski was deemed emancipated at the time of his father's death, I respectfully recommend that there is no triable issue of fact for resolution at trial, and that Joetta Lisowski is entitled to judgment in her favor as a matter of law.

## **CONCLUSION**

For the aforementioned reasons I conclude, and respectfully recommend that Your Honor should conclude, that there exist no genuine issues of material fact and that the Court should extend collateral estoppel effect to the decision of the Dutchess County Family Court declaring Matthew Lisowski emancipated as of July 17, 2006.  Accordingly, I conclude, and respectfully recommend that Your Honor should conclude, that the emancipation order disqualifies Matthew Lisowski from receiving the $150,000 in life insurance proceeds designated for his benefit in the terms of the stipulation of agreement and settlement entered into by Marie and Joseph Lisowski upon their divorce in December, 1995, and that judgment in favor of Joetta Lisowski in the

21

amount of the $150,000, which represents the balance of the life insurance proceeds, should be entered.  I respectfully recommend that this award terminates both the claim asserted against Northwestern by Marie Lisowski for an award of the proceeds and the cross claim asserted against Joetta Lisowski by Marie Lisowski for an award of the life insurance proceeds, and it moots the default judgment motion filed by Joetta Lisowski.  I respectfully recommend that the Clerk of the Court should be directed to mark the file as closed.

**<u>NOTICE</u>**

_____Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of thirteen (13) working days, <u>see</u> FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.

Dated: June 26, 2009
       White Plains, New York

                                   Respectfully Submitted,

                                   Lisa Margaret Smith
                                   United States Magistrate Judge
                                   Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

      The Honorable Kenneth M. Karas, U.S.D.J.
      Counsel of record for Northwestern and Joetta Lisowski
      Marie Lisowski, as trustee for the benefit of Matthew Lisowski, *pro se*