UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

                Plaintiff,

    -v-

MARIE LISOWSKI, AS TRUSTEE FOR THE
BENEFIT OF MATTHEW J. LISOWSKI, and
JOETTA LISOWSKI,

                Defendants.

No. 07-CV-6619 (KMK) (LMS)

ORDER ADOPTING REPORT
AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

      Plaintiff-stakeholder The Northwestern Mutual Life Insurance Company

("Northwestern") brought this interpleader action under Federal Rule of Civil Procedure 22

seeking to establish the beneficiary of $150,000 from a life insurance policy it issued to decedent

Joseph J. Lisowski. As defendants, Northwestern named Marie Lisowski ("Marie"), as trustee

for the benefit of Matthew Lisowski ("Matthew"), and Joetta Lisowski ("Joetta"). Northwestern

properly invoked the Court's diversity jurisdiction because it is a corporate entity organized

under the laws of Wisconsin, with its principal place of business there, and both defendants are

New York residents. Northwestern seeks to determine which defendant is the proper beneficiary

of $150,000 in life insurance proceeds on the account of the untimely death of Joseph Lisowski.

Marie Lisowski is Joseph's ex-wife and is acting as a trustee for the former couple's son,

Matthew Lisowski. Joetta Lisowski was married to Joseph at the time of his death.[1]

---

[1] The facts stated herein are a summary of those provided in Magistrate Judge Smith's
Report and Recommendation ("R&R"). For the full factual background, see R&R 3-10.

## I. Background

### A. Facts

In December 1995, Joseph and Marie entered into a separation agreement which provided that Joseph would set up a $150,000 life insurance policy, naming Marie as a trustee and Matthew as an irrevocable beneficiary, "until the emancipation of [Matthew Lisowski]." (R&R 4.) This agreement specified that Matthew would be considered emancipated upon his "full-time gainful employment, excluding vacational and seasonal employment and non full-time attendance at school." (R&R 5.) Pursuant to this agreement, Joseph purchased a life insurance policy, naming Marie as the trustee of the proceeds for Matthew's benefit "as their respective interests may appear in the Divorce Decree," and naming Joetta as the contingent and secondary beneficiary "as to any remaining proceeds or the entire remaining proceeds if Marie Lisowski no longer has an interest in said Divorce Decree." (R&R 4.)

In 2006, Marie commenced an enforcement proceeding in Dutchess County Family Court, seeking an award of unpaid child support payments against Joseph. (R&R 5.) In settling that suit, Marie and Joseph entered into a stipulation, which was approved and so ordered by the presiding judge, and which declared Matthew Lisowski emancipated based upon his "current full time employment and lack of matriculation in a college curricular course of study." (R&R 6.) Less than nine month later, Joseph died unexpectedly, giving rise to the instant suit.

### B. Procedural History

On March 22, 2009, Joetta moved for default judgment against Marie, seeking an award of $150,000. (Dkt. No. 44.) Alternatively, Joetta moved for summary judgment for the same amount. (*Id.*) On June 26, 2009, Magistrate Judge Lisa Margaret Smith issued a Report and

2

Recommendation ("R&R") advising the Court to deny Joetta's motion for default judgment as moot, and to grant her motion for summary judgment. (R&R 3.) Magistrate Judge Smith reasoned that the New York Family Court judgment declaring Matthew emancipated has collateral estoppel effect in this Court. (R&R 22.) Under the plain language of the separation agreement, Magistrate Judge Smith found that Matthew's emancipation terminates Joseph's obligation to maintain the insurance policy on Matthew's behalf. (*Id.*) Accordingly, she concluded that the $150,000 benefit should be awarded, not to Matthew, but to Joetta, the secondary beneficiary. (*Id.*)

No party objected to the R&R.

## II.  Discussion

### A.  Standard of Review

A district court reviewing a magistrate judge's report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see, e.g.*, *Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(C)-(F), *see* Fed. R. Civ. P. 6(d), as was the case here, (R&R 22).

Where a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. "However, where a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted); *see also Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b)(2)). "In addition, a party's failure to submit an objection will waive that party's right to challenge the report and recommendation on appeal." *Donahue*, 2007 WL 831816, at *1.

Because no party has filed objections to Magistrate Judge Smith's R&R, the Court reviews the R&R for clear error.

### B. Analysis

The Court must afford the New York ruling declaring Matthew emancipated "the same full faith and credit . . . as [it has] by law or usage of such State . . . from which [it is] taken." 28 U.S.C. § 1738. In New York, a child support order may be modified, but only by returning to a court of competent jurisdiction. *See* N.Y. Dom. Rel. Law § 236(9)(b) ("[T]he court may annul or modify any prior order or judgment as to maintenance or child support . . . ."); *Glassman v. Glassman*, 245 N.Y.S.2d 298 (Sup. Ct. 1963) ("The effect of section 1170 of the Civil Practice Act [now sections 236 and 240 of the Domestic Relations Law] is to write a reservation of

4

continued jurisdiction over incidental subject matter into every judgment in actions therein enumerated [which includes actions for child support, *see* N.Y. Dom. Rel. Law § 236(7)]"); *cf.* N.Y. Fam. Ct. Act § 461[b][ii] ("If an order of the supreme court or of another court of competent jurisdiction requires support of a child, the family court may entertain an application to modify such order on the ground that changed circumstances requires such modification, unless the order of the supreme court provides that the supreme court retains exclusive jurisdiction to enforce or modify the order.") To this day, Marie has not returned to New York court to seek modification of the New York court's judgment that Matthew is emancipated. (R&R 17-18.) Because a New York court would not allow that judgment to be collaterally attacked, nor can this Court.

Even if the Court could modify the New York court judgment, modification would be inappropriate because Marie does not argue that circumstances have changed since the judgment. *See Bogin v. Goodrich*, 265 A.D.2d 779, 781 (N.Y. App. Div. 1999) ("[A] child's unemancipated status may be revived provided there has been a sufficient change in circumstances to warrant the corresponding change in status."). Instead, she maintains that the judgment was "incorrect" when decided because it "was based on the overtime hours that the company requested [Matthew] to work, over and above his part time status." (Def. Marie Lisowski's Op. to Mot. for Summ. J. 2[2]; *see also id.* ("I don't believe it truthful to say that my son Matthew was ever emancipated.").).

---

[2] Note that the pages are not numbered.

At any rate, a finding that Matthew became "unemancipated" before his father's death would be irrelevant here because the separation agreement only requires that Matthew remain a life insurance beneficiary, "*until* [his] emancipation." (R&R 4 (emphasis added).) The agreement did not state, for instance, that Matthew would be a beneficiary, "if none of the emancipation conditions were present *at the time of Joseph's death*." Accordingly, under the agreement, Matthew lost all life insurance rights upon his emancipation, regardless of subsequent events.[3] Thus, the Court finds no clear error in Magistrate Judge Smith's recommendation.

### III. Conclusion

Because the Court finds no clear error in Magistrate Judge Smith's recommendation, it adopts the R&R. Accordingly, Joetta Lisowski's motion for summary judgment in the amount of $150,000 is granted, and her default judgment motion is denied as moot. The Clerk of the Court is respectfully directed to terminate the pending motion (Dkt. No. 44), enter judgment for Joetta Lisowski, and to close this case.

SO ORDERED.

Dated:      December ᵈ, 2009
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[3] To the extent that Magistrate Judge Smith's statement that "Matthew Lisowski is only entitled to the life insurance proceeds provided that he was not emancipated at the time of his father's death" (R&R 21), implies a different interpretation of the separation agreement, that portion of the R&R is not adopted.

6

Service List

For Mailing by Clerk's Office:

Norman Louis Tolle
Rivkin Radler, LLP
926 Rexcorp Plaza
Uniondale , NY 11556
*Counsel for Plaintiff*

Marie Lisowski
9 Slate Hill Drive
Poughkeepsie, NY 12603
*Pro Se Defendant*

Mitchell Paul Lieberman
Lieberman & LeBovit
345 Kear Street
210
Yorktown Heights , NY 10598
*Counsel for Defendant*


Copy To:

Honorable Lisa M. Smith
United States Magistrate Judge